DELIA M. GRAY *et al.*

*v.*

JOHN B. ROBERTSON *et al.*

*Opinion filed June 18, 1898—Rehearing denied October 5, 1898.*

1. MORTGAGES—*when principal secured by trust deed may be declared due on grantor's failure to pay taxes.* Upon failure by the grantor in a trust deed to pay taxes, in violation of his covenant, the *cestui que trust* may declare the principal sum due and payable and institute foreclosure, notwithstanding the terms of the note, where the deed gives him the option of so doing upon the grantor's breach of any of his covenants or agreements.

2. SAME—*when payment of taxes by cestui que trust is not necessary to his right to foreclose.* Payment of delinquent taxes by the *cestui que*

*trust,* and redemption from tax sales, are not conditions precedent to his right to declare the principal sum due and institute foreclosure, although the deed provides that his advances for such purposes shall be an additional burden on the property, payable on demand, with interest, where the deed also provides for foreclosure upon the grantor's failure to pay the taxes when due.

3. SAME—*no demand is necessary where date of payment is fixed.*  A provision in a trust deed that money advanced by the *cestui que trust* to pay taxes shall be re-paid on demand, does not require the making of a second demand where the grantor fails to pay the money at a date fixed by agreement with the *cestui que trust* when the latter made his first demand.

4. TRUSTS—*trustee in trust deed is the representative of both parties.*  A trustee in a trust deed is the representative and trustee of both parties to the instrument, and he must act fairly and impartially, and not in the exclusive interest of either.

5. SOLICITORS' FEES—*trustee not entitled to solicitor's fee on foreclosing trust deed.*  A trustee in a trust deed, who is also an attorney at law, is not entitled to an allowance for professional services rendered in foreclosing the deed in his own behalf and for his co-complainant, the holder of the note, although the deed provides for the allowance of a reasonable sum for complainant's solicitor's fee.

*Gray* v. *Robertson,* 74 Ill. App. 201, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lake county; the Hon. C. H. DONNELLY, Judge, presiding.

MILLARD & ABBEY, for appellants:

To avoid the harsh rules of the common law the courts of chancery developed a theory that equity can, and will, relieve against legal penalties and forfeitures whenever a person who seeks to enforce them may be fairly compensated by an award of money.  1 Pomeroy's Eq. Jur. secs. 162, 456; 3 id. sec. 1180.

Equity may compel performance of a stipulation or restrain its violation, but not enforce a forfeiture.  1 Pomeroy's Eq. Jur. sec. 460; 2 Story's Eq. Jur. sec. 1319.

If one to whom a debtor owes money extends the time for a consideration, such as an increased rate of interest, he makes a new contract.  Bishop on Contracts, sec. 62.

If parties mutually agree to postpone the time for the performance of a contract it is effectual. Bishop on Contracts, sec. 76.

If there is no default in the payment of the debt no sale can be made. *Ventres* v. *Cobb,* 105 Ill. 33; 2 Jones on Mortgages, sec. 1459.

Courts look with jealousy upon the demands of the mortgagee, beyond the payment of his debt, as increasing the difficulties in the way of the right to redeem. *Brown* v. *Simons,* 44 N. H. 475; *Southard* v. *Dorrington,* 10 Neb. 119; *Kortright* v. *Cody,* 23 Barb. 497.

Where a mortgage merely provides that the mortgagor shall pay the taxes upon the premises, and in default of so doing the mortgagee may discharge the same and collect them as a part of the mortgage debt, the failure of the mortgagor to pay them is not such a right as will give the mortgagee a right to foreclose. 2 Jones on Mortgages, (5th ed.) sec. 1175; *Williams* v. *Townsend,* 31 N. Y. 411.

LYMAN M. PAINE, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a decree rendered on a bill in chancery exhibited by appellee Robertson in his individual capacity and appellee Paine in his capacity as trustee, to foreclose a certain trust deed executed on the 18th day of June, 1894, by the appellants, who are husband and wife, to appellee Paine, whereby they mortgaged certain premises in Highland Park, in Lake county, Illinois, to secure a certain note executed by the mortgagors and payable to their order, in the sum of $10,000, dated June 18, 1894, and due three years thereafter, bearing interest at the rate of seven per cent per annum, payable semi-annually on the 18th of June and December of each year. The consideration of the note was a loan of money to the amount thereof made by the appellee Robertson, and the note was endorsed to and held by him.

The makers of the note were not in default in the payment of the principal or interest of said note at the time the bill was filed, but the trust deed contained a covenant to the effect that the mortgagors would pay all taxes and assessments levied on the mortgaged premises when the same should become due and payable, and would not suffer the premises to be sold for taxes or assessments or to be forfeited for unpaid taxes or assessments. The trust deed also contained the further covenants, as follows: "The grantors further covenant and agree, that if the party of the second part, or the legal holder of the said principal note, shall, as they are hereby authorized in their discretion to do, advance or expend any money, either for premiums for insurance, as aforesaid, or to save said premises from sale or forfeiture for taxes or assessments, or to redeem the same from such sale, or to purchase any tax titles thereon, or to remove any mechanic's lien or other liens or encumbrances thereon, or in defending any suits in relation thereto, or in any manner protecting the title or estate by this deed conveyed and warranted or intended so to be, all moneys so advanced or expended shall be deemed a charge upon said premises, and shall be and are hereby declared to be secured by this deed in the same manner as the principal sum of money above mentioned is secured, and shall be re-paid by said grantors to the persons so advancing the same, on demand, and may be collected at any time after the same shall have been advanced or expended, with interest thereon at the rate of seven per cent per annum from the time the same shall be advanced or expended. It is further agreed that in case of failure to pay said note or interest thereon, or any part thereof, as and when the same shall become due, or in case of a breach of any of the agreements or covenants herein by the first party, then in that case the whole of said principal sum hereby secured, with the interest thereon to the time of the sale, may at once, at the option of the

legal holder thereof, without notice to the first party, become due and payable." It was also agreed that in case of a breach of any of the agreements or covenants therein, or in case default should be made in the payment either in the principal or interest on the said indebtedness thereby secured, or any part thereof, when due, by election or otherwise, then, in either of said cases, the grantee might take possession of the premises, collect rents and profits, and apply them, etc., and the legal holder of said indebtedness should also, in either of said cases, have the right to immediately foreclose.

The bill alleged that the mortgagors failed and neglected to pay the taxes and assessments on the premises levied for the year 1894, and allowed and permitted the premises to be sold on the 21st and 22d days of June, 1895, at the tax sale, for such unpaid taxes, and further that the said mortgagors failed and neglected to pay the taxes levied and assessed for the year 1895; that said appellee Robertson, in order to redeem the premises from the said tax sale, on the 17th day of June, 1896, was forced to and did pay the sum of $821.02, and in order to protect the property from sale for the unpaid taxes for 1895 paid the said taxes in the amount of $538.89. The bill further alleged that because of the failure of the mortgagors to keep and observe their covenant to pay the taxes and assessments upon the said premises, the said Robertson elected to declare the whole of the principal sum, and interest, of the debt secured by the mortgage to be due and payable.

It is first insisted the provisions of the trust deed did not authorize the appellee Robertson to declare the whole sum due because of the non-payment of the taxes and assessments by the mortgagors. The argument in support of the insistence is, that under the provisions of the trust deed the moneys advanced or expended in making payment of taxes or assessments and redeeming from sales for taxes are deemed a charge upon the premises

in the nature of an additional loan, and as such secured by the trust deed, and should be re-paid on demand, and might be collected by foreclosure at any time after demand had been made, together with interest at the rate of seven per cent per annum from the date of payment, but that while such payments had been made and the right to foreclose to recover the sums paid had accrued, yet that no right or power existed to declare the unmatured principal debt to be due and to recover the same by foreclosure. The position is not tenable. The proper construction of the covenants of the trust is, that the failure of the mortgagors to keep and observe their covenant to pay and discharge all taxes or assessments levied against the premises and to protect the premises from sales for delinquent taxes and assessments conferred upon the holder of the note secured by the trust deed the right to decline to permit the money loaned upon the security of the land to remain longer unpaid, notwithstanding the terms and conditions of the note given to evidence the loan. The provision that such holder or owner of the note might pay any unpaid taxes and assessments or redeem the land from sales, if any had been made, was incorporated in the trust deed for the purpose of enabling the mortgagee to relieve the lands upon which he relied as security, from incumbrances and sales which might destroy or impair their value as security to him. His right to declare due the principal debt secured by the trust deed arose out of the failure of the owners of the land to protect the same against unpaid taxes. It was not essential to the existence or exercise of that right that he should pay unpaid taxes or assessments or redeem the land from sales for delinquent taxes or assessments. He could foreclose without making such payment or redemption. The mortgage, however, gave him the right to pay delinquent taxes or assessments or make redemption from sales, and created a lien in his favor on the mortgaged premises for any amount he might so pay,

together with interest thereon at the rate of seven per cent per annum.

Nor is there any force in the other contention of appellants that it appeared in the proof the appellee Robertson did not make the redemption of the land from the tax sale or make payment of the delinquent taxes by virtue of the authority of any of the provisions of the trust deed, but that he made such payment and redemption by virtue of an arrangement or agreement entirely apart from and independent of the trust deed, entered into with appellants, by the terms whereof said appellee Robertson agreed to make such payment and redemption in consideration of the agreement and undertaking of appellants that they would re-pay any sums of money, so expended by the appellee Robertson by the first day of September, 1896, and would also pay seven per cent interest thereon from the date of such payment until such sum should be re-paid. The evidence does not support this contention. It appeared from the proofs appellant Elisha Gray, on the 28th day of May, 1896, addressed a letter to appellee Robertson asking him to make payment of the taxes for the year 1895, and proffering to re-pay the same, with interest, in ninety days. It appears, however, from the proofs, that appellee Robertson had paid the taxes for the said year 1895 on the 15th day of May, 1896, and in a letter written in reply to the letter of Gray so stated, and stated further that he intended to redeem the lands from the sale for the year 1894 within a few days, and that if the appellants would pay a semi-annual interest coupon, which fell due on the 18th day of June, promptly when due, he would wait for payment of the money advanced for the taxes and to make the redemption until the first day of September, the appellants to pay interest at the rate of seven per cent. Gray replied that the proposition was satisfactory. The appellants did not pay the said interest coupon when due, and some twenty days after its maturity the same was

paid by appellees Boynton and Quigg, who held a second mortgage given by the appellants upon the same premises. The appellants also failed to make payment of the amount paid by appellee Robertson to redeem the mortgaged premises from the tax sale, or to re-pay the amount of the delinquent taxes paid him. As we have said before, the right of the appellee Robertson to declare the entire debt due and foreclose the trust deed accrued upon the failure of the appellants to keep and observe their covenant with relation to the payment of the taxes and the protection of the property from sale for delinquent taxes and assessments. In effect, the arrangement that the appellee Robertson would wait until the first day of September for re-payment was, that he would not exercise the right of foreclosure if the money should be paid by that time. Payment not being made, proceedings to foreclose the trust deed were begun.

It is the provision of the covenant that any moneys paid by the mortgagee to save the premises from sale or forfeiture shall be re-paid on demand. It was not proven that demand was made after the first day of September that the moneys so paid by the appellee Robertson should be re-paid, and appellants contend that a demand was necessary to the existence of a cause of action. Payment was demanded as required by the conditions of the trust deed, but at the request of the appellants the time of payment was extended to a definite date, to-wit, to the first day of September. Neither notice nor demand is necessary where, by the terms of a contract, a definite time is fixed for the performance. 5 Am. & Eng. Ency. of Law, p. 528 *a.*

We think the chancellor correctly ruled adversely to the appellants upon all these points, but we conceive the court erred in decreeing that the appellants should pay the sum of $500 as solicitor's fees for the prosecution of the cause. A clause was inserted in the trust deed which provided that if the trust deed should be foreclosed by a

judicial proceeding there should be "included in the judgment on such foreclosure a reasonable sum for the complainants' solicitor's fee." Much testimony was produced *pro et con* upon the question of the amount of a reasonable fee, and counsel devote some time and space in the briefs to that question. It is not, however, necessary we should advert to that question, for the reason we do not think a fee should have been allowed in any sum.

It appeared the appellee Paine, who is a lawyer, acted as solicitor and attorney for himself and his co-complainant, and that he performed all the services in that capacity that were rendered in the case. He is the party named as trustee in the trust deed. He voluntarily accepted that duty, and in that capacity, of his own volition, became a party complainant to the proceeding. He was equally the trustee and representative of both debtor and creditor. He was appointed by the debtor and derived all his power from the debtor, and was, of course, the trustee of the debtor. We have frequently held a trustee in a trust deed is the representative and trustee of both the parties to the instrument; that his relations must be absolutely impartial as between them; that he must act fairly toward both parties, and not exclusively in the interest of either. (*Cassidy* v. *Cook,* 99 Ill. 385; *Ventres* v. *Cobb,* 105 id. 33; *Williamson* v. *Stone,* 128 id. 129.) At the common law the trustee could not demand or be awarded compensation for his services in connection with the trust in the absence of an express contract entitling him thereto. This rule of the common law has been adopted by repeated decisions of this court. (*Willard* v. *Bassett,* 27 Ill. 37; *Cheeney* v. *Lafayette, Bloomington and Mississippi Railway Co.* 68 id. 570; *Hough* v. *Harvey,* 71 id. 72; *Huggins* v. *Rider,* 77 id. 360; *Cook* v. *Gilmore,* 133 id. 139; *Buckingham* v. *Morrison,* 136 id. 437.) In *Willard* v. *Bassett, supra,* we held that an administrator, who was also an attorney at law, was not entitled to an allowance of a fee for professional services in cases which he prose-

cuted or defended as such administrator, and the rule was announced that a lawyer would not be permitted to become his own client and charge for professional services rendered in his own cause although he appeared in the cause only in a trust capacity. In *Hough* v. *Harvey*, *supra*, we held an executor, being a trustee for an estate, could not be allowed compensation for his time and trouble in organizing and working up a defense to a suit against the estate, nor could he receive compensation for professional services as attorney at law for defending the suit.

The trust deed in question, among other powers vested in the trustee, empowered him to take possession of the mortgaged premises under certain circumstances and collect rents, and to execute proper instruments releasing or re-conveying the mortgaged premises, or separate tracts thereof, in a certain event, and provided he should be compensated for his services, in case he should take possession of the mortgaged premises, by way of a commission on the amount of rents collected, and by the payment of the sum of three dollars for each release or instrument of re-conveyance executed by him. The clause in the trust deed authorizing the inclusion of a fee for the complainant's solicitor in any decree of foreclosure which might be rendered thereon cannot be construed to warrant the taxation of a fee to compensate the trustee for services rendered as an attorney or solicitor in his own behalf in the cause. The duties and obligations of a trustee in a trust deed are so far incompatible with the duties and obligations of the solicitor of the creditor that a trustee cannot be permitted to charge and receive compensation as a solicitor in a cause in which he appears as a party, though in his capacity as trustee. In *Cheney* v. *Ricks*, 168 Ill. 533, we held that one of the parties to a partition proceeding, who was an attorney at law and who prepared the bill in the cause, could not become his own client and be allowed compensation, un-

der the statute, for professional services rendered in the cause, and in the same case we cited with approval the ruling in *Slater* v. *Cattorn*, 3 Jur. (N. S.) 630, and *Patterson* v. *Donner*, 48 Cal. 369, that an attorney who is a mortgagee cannot recover professional fees for services which he himself renders in a proceeding to foreclose the mortgage, though a stipulation in the mortgage provided for the allowance of solicitor's fees.

It was error to award the sum of $500 as a fee for the services rendered by the complainant trustee. That excluded, the decree should have been in favor of the appellees in the sum of $12,962.70.

The judgment of the Appellate Court must be reversed, and the decree of the circuit court, modified by the denial of allowance of attorney's fees, must be and is affirmed. It is ordered that each party pay one-half the costs in this court.

*Judgment reversed.*