SYDNEY STEIN, Defendant in Error, *vs.* GUSSIE KAUN, Exrx., Plaintiff in Error.

*Opinion filed February 16, 1910.*

1. MORTGAGES—*whether giving new note operates to discharge mortgage depends upon intention of parties.* Whether the giving of a new note operates to discharge a mortgage depends upon the intention of the parties, and it is competent for them to agree to preserve its validity as a lien.

2. SAME—*when giving new note and mortgage does not extinguish trust deed.* Where the grantor in a trust deed, in arranging to give a new note and mortgage to a third person for the same debt, agrees that the mortgagee shall purchase and hold the trust deed and note secured thereby as additional security, the trust deed and note are not extinguished by the giving of the new note and mortgage, but remain a valid lien until the debt is paid or the lien is otherwise discharged.

3. SAME—*payment of interest tolls the Statute of Limitations.* Payment of interest on a mortgage note by the mortgagor or on

her behalf tolls the Statute of Limitations, and a suit to foreclose
the mortgage may be begun at any time within ten years after the
last payment on the note.

4. SAME—*act of mortgagor which tolls Statute of Limitations
is binding upon her grantee with notice.* Any act by the mortga-
gor which arrests the running of the Statute of Limitations against
the mortgage debt is binding upon her grantees with actual or con-
structive notice of the mortgage.

5. SAME—*rule as to solicitor's fees on foreclosure where the
solicitor and mortgagee are law partners.* No solicitor's fee can be
allowed to the mortgagee if he acts as his own solicitor in fore-
closing the mortgage, nor can an allowance be made for the ser-
vices of the law firm of which he is a member, and before an
allowance can be made to his law partner, as solicitor, it must be
shown that such partner is acting for his individual benefit and
not for the benefit of the firm.

WRIT OF ERROR to the Branch Appellate Court for the
First District;—heard in that court on appeal from the
Circuit Court of Cook county; the Hon. JULIAN W.
MACK, Judge, presiding.

SAMUEL B. KING, and JULE F. BROWER, for plaintiff
in error.

PHILIP STEIN, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ brings before us for review the record of
the Branch Appellate Court for the First District which
affirmed a decree of foreclosure rendered by the circuit
court of Cook county.

On December 22, 1891, Susan Weiss and Nicolaus
Weiss, her husband, executed a trust deed to Edwin G.
Foreman to secure their promissory note of that date for
$2500, payable to their own order three years after date,
endorsed in blank by them and delivered to Foreman Bros.
This note was not paid at maturity but the interest was
paid semi-annually until December 22, 1897. In the mean-

244—3

time Susan Weiss and her husband had separated, and on August 11, 1895, two deeds for the premises included in the trust deed were executed, one conveying them to Mrs. Weiss' brother, Anton Wolf, and the other conveying them back to Mrs. Weiss. At the same time an agreement between the husband and wife, reciting the existence of an ante-nuptial agreement between them whereby Nicolaus was entitled to certain rights (not now necessary to be specified) in Susan's property, was executed, by which Susan agreed to convey to Nicolaus her interest in certain premises other than those included in the trust deed and pay him $300, and in consideration thereof he agreed to release all interest acquired by virtue of the said ante-nuptial agreement. It was further recited in said agreement "that in the event of the death of Susan Weiss before the death of the said Nicolaus Weiss, the said Nicolaus Weiss, instead of having the full power and control of said property, Nos. 455 and 457 South Canal street, [the premises mentioned in the trust deed,] is to have no power or control of said property whatever, but this property is to descend to and become the absolute property of my children, who are named as follows: Joseph Kaun, William Kaun, Anton Kaun, Antonia Miller, Wilhelmina Pfister, immediately upon the day of my death, the said Nicolaus Weiss hereby relinquishing all claims whatsoever, including the release and waiver of the right of homestead, also the release and waiver of the right of dower, also the release and waiver of the right to administer upon my estate, real or personal." Nicolaus and Susan Weiss did not live together after the making of this agreement. She obtained a divorce from him in December, 1902. The agreement was recorded February 11, 1896, and the deed to Anton Wolf was recorded October 1, 1897, but his deed back to Mrs. Weiss was not recorded until October 28, 1899. The title to the premises at the time of the execution of the trust deed was in Mrs. Weiss, and immediately

after the execution of the deeds and agreement just mentioned she began to reside upon the premises with her children and has ever since occupied them as her homestead.

In December, 1897, Foreman Bros., being unwilling to carry the loan longer, Mrs. Weiss and her brother, Anton Wolf, applied to W. Arthur Waide to obtain a loan on the property and gave him an order on Foreman Bros. for the abstract. He arranged with defendant in error to make the loan, prepared the papers, had them recorded, had the abstract extended and delivered it to the defendant in error. At this time the deed to Wolf and the agreement between Mrs. Weiss and her husband were recorded but the deed back to Mrs. Weiss was not. Upon examination of the abstract the defendant in error, although satisfied with the security, would not accept the title, on account, as he said, of the family matters. He was willing, however, to purchase the Foreman note and hold it as additional collateral security for the $2500. He and Waide testify that Mrs. Weiss was informed of this arrangement and assented to it, though she disclaims any knowledge of it. He did purchase the Foreman note, giving $2500 therefor, and receiving the note, endorsed in blank, and the trust deed. He also received from Anton Wolf the latter's promissory note dated December 16, 1897, payable three years after date to the order of defendant in error, for $2500, secured by a trust deed to W. Arthur Waide upon the same property as the Foreman trust deed. Upon the maturity of this note the defendant in error, in writing, extended the time thereof for five years so long as Mrs. Weiss should promptly pay the interest thereon, and Mrs. Weiss executed notes for the semi-annual payments of interest during the extension. At the expiration of the extended time default was made in the payment of the principal, and on June 30, 1906, the defendant in error filed a bill setting up both mortgages and praying for a

foreclosure for the sum of $2500, with interest from December 16, 1905.

Mrs. Weiss, who has resumed her former name of Kaun, as permitted by her decree of divorce, answered, admitting the execution of the Wolf note and trust deed but alleging that the trust deed conveyed nothing, because at the time of its execution she held the title to the premises by virtue of her unrecorded deed from Wolf and was in possession of said premises. She denies the agreement that the $2500 advanced on the Wolf note should be used to purchase the Foreman note or that the defendant in error is the owner of the latter note; avers that the Foreman note is paid and that it became payable more than ten years before the commencement of the suit, and claims the benefit of the Statute of Limitations. She claims in her answer to be entitled to a life estate, only, in the premises, and that the remainder belongs, by virtue of the agreement between herself and Nicolaus Weiss, to the persons named in that agreement, who are her children by a former marriage. These children, or their representatives, except one who was served by publication, answered, setting up their claim, as remainder-men, under the agreement between Susan and Nicolaus Weiss, and pleading payment of the Foreman note and the Statute of Limitations as to it.

The evidence is uncontradicted that the defendant in error purchased the Foreman note and received it endorsed in blank, together with the trust deed securing it. The preponderance of the evidence is that this was done with the knowledge of Mrs. Weiss and of Wolf, and that they assented to its being held as additional security for the $2500 advanced by the defendant in error. While both notes together represented but a single debt of $2500, the Foreman note was not extinguished but remained a valid lien until that debt was paid or the lien was otherwise discharged. Whether the giving of the new note operated to discharge the mortgage depended upon the intention of the

parties, and it was competent for them to preserve its validity as a lien if they desired to do so. *Flower* v. *Elwood*, 66 Ill. 438; *Worcester Nat. Bank* v. *Cheeney*, 87 id. 602.

The Foreman note by its terms became due December 22, 1894,—more than ten years before the filing of the bill,—and the Statute of Limitations had run against it unless tolled in some way. The interest was paid on the $2500 debt from the time it was first incurred, in 1891, to December 16, 1905. Elias Benjamin, who was note. teller for Foreman Bros. during all that time, testified that the interest payments were made after the maturity of the note as they fell due, regularly, until and including December, 1897, and that the last payment was made by either Mr. or Mrs. Weiss. The defendant in error testified that Mrs. Weiss, in December, 1898, in speaking of a delay in the payment of interest, told him that she had always been prompt with Foreman Bros., who would tell him that she had always paid the interest promptly. It was important to no other person to pay the interest. She was separated from her husband, who had never contributed to her support except the sum of $10. Anton Wolf states in his testimony that he had paid some money to pay taxes, interest and for her living, which she owes him. Whatever interest Wolf paid was therefore paid on behalf of Mrs. Weiss. The evidence tended to show payment of the interest by her. There was no evidence to the contrary, and we think the master and the court properly found that these payments were made by Mrs. Weiss or on her behalf. The payment of interest on a promissory note stops the running of the Statute of Limitations. A suit to foreclose a mortgage securing a promissory note may be begun at any time within ten years after the last payment on such note. *Pinkney* v. *Weaver*, 216 Ill. 185; *Schifferstein* v. *Allison*, 123 id. 662.

The claim of Mrs. Weiss' children to a remainder in the premises, which is not subject to the mortgage, rests

upon the agreement made in August, 1895. It was subsequent to the Foreman mortgage and subject to its terms. The same payment of interest which arrested the running of the statute in favor of Mrs. Weiss arrested it as to them. Any act of the mortgagor which arrests the running of the statute is equally binding upon his grantee with actual or constructive notice of the mortgage. *Emory* v. *Keighan,* 88 Ill. 482; *Richey* v. *Sinclair,* 167 id. 184.

The decree allowed a solicitor's fee of $450 to complainant's solicitor. The complainant and his solicitor were partners, members of a firm of lawyers. The solicitor testified that the complainant requested and retained him to act for him as solicitor in this case. It is well settled that a trustee in a trust deed is not entitled to an allowance for solicitor's fees for professional services rendered by him in foreclosing the deed, and the same rule applies to a mortgagee in the foreclosure of the mortgage. (*Gray* v. *Robertson,* 174 Ill. 242; *Gantzer* v. *Schmeltz,* 206 id. 560.) No allowance will be made to a firm of which the trustee or mortgagee is a member, (*Collins* v. *Carey,* 2 Beav. 128; 1 Perry on Trusts, sec. 432;) or to a partner of the trustee or mortgagee, if the amount allowed is to be shared in by the firm. (*Christopher* v. *White,* 10 Beav. 93.) It was incumbent upon the complainant to show his right to solicitor's fees before an allowance could be made. His solicitor being his partner, it cannot be presumed that the professional services rendered were not for the benefit of the firm but for the solicitor's individual benefit. It was error to allow the solicitor's fee.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court, with directions to enter a decree of foreclosure for the sum of $2500, with interest from December 16, 1905.

*Reversed and remanded, with directions.*