Melvin L. Straus, Defendant in Error, v. Gideon W. Turnquist et al., Plaintiffs in Error.

Gen. No. 37,550.

Opin-ion filed April 10, 1935. Rehearing denied April 22, 1935.

TAGE JORANSON, of Chicago, for plaintiffs in error.

ALTHEIMER, MAYER, WOODS & SMITH, of Chicago, for defendant in error; WILLIAM F. STRUCKMANN and HERMAN A. KABAKER, both of Chicago, of counsel.

MR. JUSTICE HALL delivered the opinion of the court.

By this writ of error, defendants seek the reversal of a decree of sale entered against them in a proceeding brought in the superior court of Cook county to foreclose a mortgage trust deed. The bill of complaint in the cause was filed by the trustee on April 28, 1932. The trust deed is dated April 15, 1924, conveys certain property, and is given to secure an indebtedness of $325,000, evidenced by 523 bonds, all dated April 15, 1924. The bonds secured by this mortgage are numbered 1 to 523, inclusive, and the dates of their maturities run from April 15, 1926, to April 15, 1936. It is provided that the bonds shall bear interest at the rate of 6½ per cent per annum, payable semiannually on the 15th day of October and April of each year, until the maturity of the several principal amounts. It is further provided that after the maturity of any

interest payment agreed to be made and any principal sum, both the matured interest and principal shall bear interest at the rate of seven per cent per annum.

Article II, section 1, of the trust deed provides that:

"Beginning, however, on the fifteenth day of October, 1924, and on the fifteenth day of each of the five months next immediately succeeding thereafter, the Mortgagor will deposit with S. W. Straus & Co., a corporation, at Chicago, Illinois, or with such other depositary as the Trustee may from time to time in writing appoint, for the account of the bondholders, a sum of money which shall be equal to one-sixth (1/6th) of the total semi-annual interest charges for the six months period beginning October 15, 1924, and ending April 14, 1925, and thereafter, beginning April 15, 1925, will deposit in equal monthly payments on the fifteenth day of each of the months of each year during the lifetime of the indebtedness secured by this Indenture, a sum of money which shall be equal to one-sixth (1/6th) of the amount of the next succeeding semiannual interest charges falling due for the current half-yearly periods respectively. The said Mortgagor further agrees to deposit with said depositary on the fifteenth day of April, 1925, and on the fifteenth day of each of the eleven months next immediately succeeding thereafter, a sum of money which shall be equal to one-twelfth (1/12th) of the principal due April 15, 1926, and thereafter during the lifetime of the indebtedness secured by this Indenture, beginning April 15, 1926, will deposit in equal monthly installments on the fifteenth day of each and every month during the twelve months periods beginning with April 15 of each year and ending with April 14 of the succeeding year (except during the twelve months' period preceding April 15, 1936, as to which special provision is hereinafter made), one-twelfth (1/12th) of the principal due on April 15 of each such last mentioned 'succeeding year' respectively. The Mortgagor further agrees to

deposit with said depositary on the fifteenth day of each of the twelve calendar months next preceding April 15, 1936, the same amounts of principal as are hereinbefore provided to be deposited on the fifteenth day of each of the twelve months next preceding April 15, 1935. The balance of the last payment of principal, due April 15, 1936, shall be deposited at the office of said S. W. Straus & Co., on or before April 15, 1936. The intent hereof is that such aggregate deposit one month before the date of each semi-annual interest payment shall be sufficient to meet each such interest payment when due and as it matures; and that such aggregate deposit one month before the date of each principal payment shall be sufficient to meet each such principal payment when due and as it matures (except as to a portion of the principal payment falling due April 15, 1936)."

In Article VII, section 1, of the trust deed, it is further provided that:

"In case default shall be made in the payment of the principal of or of any interest or income tax payments on any of said bonds, or in the due observance or performance of any covenant or condition whatsoever in this Indenture, required to be kept or performed by the Mortgagor, and any such default shall continue for a period of thirty (30) days after written notice thereof to the Mortgagor by the Trustee, or to the Mortgagor and the Trustee by the holders of not less than twenty-five per cent (25%) in principal amount of the bonds hereby secured and then outstanding, specifying wherein such default consists, then and in any such case the Trustee, in his discretion, and without any action on the part of any bondholder, may, and upon the written request of the holders of not less than one-fourth in principal amount of the bonds then outstanding shall, or in case of his refusal or failure to so act within thirty (30) days after such request, the holders of not less than twenty-five per cent (25%) in

principal amount of said bonds may, declare the principal of all bonds hereby secured and then outstanding to be due and payable immediately, and upon such declaration the said principal together with the interest accrued thereon, shall become and be due and payable immediately, at the place of payment aforesaid, anything in this Indenture or in said bonds to the contrary notwithstanding.''

Article IX, section 1 provides that:

''In case default shall be made in the payment of the principal of, or any interest or income tax payment on, any of said bonds or in the due observance or performance of any covenant or condition whatsoever in this Indenture required to be kept or performed by the Mortgagor, and such default shall continue for a period of thirty (30) days after written notice thereof as provided for in Article VII hereof, or in the event of default in the payment of the principal or interest or income tax payment or any part thereof for the maturity of April 15, 1936, without any notice whatsoever, the Trustee may, without any action on the part of any bondholder, and without declaring said bonds due, and upon the written request of the holders of not less than one-fourth in principal amount of said bonds then outstanding shall, institute such suit or suits in equity or at law, in any court of competent jurisdiction, to enforce and protect any of his rights or the rights of the bondholders hereunder, as he may deem proper, and especially may institute proceedings to foreclose this Indenture in any manner provided by law and to obtain a sale of the mortgaged property under order of court.

''Or the Trustee may proceed to protect and enforce his rights and the rights of the bondholders hereunder, either by suit or suits in equity or at law, in any court or courts of competent jurisdiction, whether for specific performance of any covenant or agreement contained herein or in aid of the execution of any

powers herein granted or for any foreclosure hereof or hereunder, or for any sale of the mortgaged property or any part thereof, so far as may be authorized by law, or for the enforcement of such other or additional appropriate legal or equitable remedy as the Trustee may deem most effectual to protect and enforce the rights aforesaid.''

It is complainant's claim that this action is properly brought and can be maintained because the trust deed contains covenants to make monthly advance deposits to meet the payment of principal and interest as and when due by the terms of the bond, and the interest coupons and the trust deed given to secure payment thereof; that there were defaults in the covenants requiring monthly advance deposits both as to interest and principal payments; that the trust deed authorizes the acceleration of maturity at any time after 30 days' written notice of default after the notice; that written notice of defaults to make monthly advance deposits (specifying the months in and for which such defaults were made) was given; that the defaults continued for more than 30 days after the giving of the notice; that the foreclosure proceedings were commenced after the expiration of the 30 days' written notice; that the defaults had not been made good at the time the proceedings were instituted; that the decree was entered after the expiration of 30 days from the filing of the bill to foreclose, and that up to the time of the entry of the decree, the defaults had not been made good; that the trust deed does not require any notice of acceleration or election to accelerate; that the filing of the bill to foreclose was notice of the trustee's exercise of his right to accelerate the maturity of the principal and accrued interest, and that the decree adjudicated the rights of the parties as of the date of its entry.

It is the claim of defendants that the failure of defendants to make the deposits to be applied towards

interest and principal, as provided by the trust deed, was not such a default as permitted the trustee under the trust deed to accelerate the maturity of the principal and interest under the trust deed, for the reason that in the trust deed there was no express provision that failure to make such deposits could or would accelerate such maturity, and that such a provision could not be inferred therefrom; that defendants' failure to pay principal and interest was not a ground of foreclosure of the trust deed; that Article VII of the trust deed provides that a 30 days' notice of foreclosure was necessary before suit could be started; that said principal and interest was not due until April 15, 1932, and suit was commenced on April 28, 1932, and hence was premature; that but one notice of default of defendants was alleged and proven at the trial of this action to have been served by the trustee, whereas a notice of default should have been served by the trustee under the provision of Article VII of the trust deed, and a further notice of foreclosure should have been served by the trustee as provided in section 1 of Article II of the trust deed. It is not denied that defendants failed to make the deposits as provided by Article II, section 1, of the trust deed, and that on January 22, 1932, defendants were served with the following notice:

"Gideon W. Turnquist and Nellie C. Turnquist
Turnquist Construction Company
217 East 69th Place
Chicago, Illinois

"John Cornell
Hyde Park Hotel
1511 East 51st Street
Chicago, Illinois

"The undersigned, Melvin L. Straus as trustee under that certain trust deed from Gideon W. Turnquist

as mortgagor, and Nellie C. Turnquist, his wife, to Melvin L. Straus, as trustee, and recorded in the office of the Recorder of Deeds of Cook County, Illinois, in Book 19804 of Records, page 186, as Document 8391172 conveying certain real, personal and mixed property therein described, to secure, among other things, the payment of first mortgage gold bonds of said mortgagor, amounting in the aggregate to the principal sum of $325,000 hereby notifies you and each of you that default has been made in the due observance and performance of certain of the covenants and conditions of the aforesaid trust deed in the following particulars, among others:

"(1) By failure to make deposits on the fifteenth day of each of the months of April, May, June, July, August, September, October, November and December, 1931, and January, 1932, on account of the principal of said bonds maturing on April 15, 1932, the aggregate sum of which deposits so unmade is $11,666.70;

"(2) By failure to make deposits on the fifteenth day of each of the months of October, November and December, 1931, and January, 1932, on account of interest due on April 15, 1932, on said bonds, the aggregate sum of which deposits so unmade is $5,590.00;

"(3) By failure to pay in full taxes assessed for the years 1928 and 1929 against the property conveyed by said trust deed.

"(4) By failure to pay premiums on insurance required by said trust deed to be maintained, which unpaid premiums amounts to $562.80.

"This notice is given conformably with the provisions of the aforesaid trust deed, but it is not intended, nor shall it be construed, as a waiver of any other defaults which may exist under said trust deed, or of any of the rights or remedies of the undersigned, as trustee as aforesaid, arising or accruing by reason of

the defaults herein specifically recited or indicated, or by reason of any other default heretofore or hereafter accruing.

"Dated January 23, 1932.

"Melvin L. Straus,
"As Trustee."

It is not claimed by defendants that all the defaults mentioned in this notice had not taken place, as stated, nor that by the terms of the trust deed defendants had covenanted and agreed to do all the things that the notice states were not done. Defendants, however, insist that under the agreement between the parties, the notice served is not sufficient to cause the acceleration of the "due dates" of the principal and interest agreed to be paid, and that there should have been an express notice served of complainant's intention in that regard before the action can be maintained. Again we call attention to Article VII, section 1, of the trust deed, which states that:

"In case default shall be made in the payment of the principal of or of any interest . . . or in the due observance or performance of *any covenant or condition whatsoever in this indenture required to be kept or performed by the mortgagor,* and such default shall continue for a period of thirty days after written notice thereof to the mortgagor by the trustee . . . then and in such case the trustee in his discretion . . . may declare the principal of all bonds hereby secured and then outstanding to be due and payable immediately, and upon such declaration the said principal together with the interest accrued thereon shall become due and payable immediately at the place of payment aforesaid, anything in this indenture or in said bonds to the contrary notwithstanding." (Italics ours.) The provisions of the trust deed seem to be very clear and definite. The agreement to make these

deposits was one of the covenants in the deed. These deposits were required and agreed to in order that it be made certain that the payments be made, as agreed. It was complainant's right to require such security.

The notice served upon defendants was in strict accord and in compliance with the requirements of this trust deed. The notice was served on January 22, 1932, and the bill was not filed until April 28, 1932, more than three months after the notice of default had been given.

The question then arises as to whether or not, under the terms of the trust deed, the trustee had the right to declare the whole amount due, and to proceed with the foreclosure.

In *Brown v. McKay*, 151 Ill. 315, a bill was filed to foreclose a mortgage trust deed on real estate. As stated by the court in its opinion, "the trust deed provided that if default should be made in the payment of said notes, or any part thereof, or of the interest thereon, or any part thereof, at the time and in the manner specified, then the whole of said principal sum and interest secured by said three notes should, at the option of the legal holder thereof, become immediately due and payable; and, on the application of the legal holder of said notes, the grantee might file a bill, etc., for foreclosure and sale of the whole or any part of said premises." It was insisted that the mortgagee should have given some notice of his intention before bringing suit. In its opinion, the court said:

"The option to declare the whole indebtedness due upon default in payment, is given to the legal holder or holders of the notes, to be exercised in their discretion, and without notice to the mortgagor. No formula is to be observed, nor particular form of expression necessary to be used for the purpose of declaring the maturity of the whole indebtedness. The formation of an intention in the mind of the person who has the

option to exercise his election to declare the entire debt matured, accompanied by any affirmative act or declaration evincing such determination, will be sufficient.''

See also *Gray v. Robertson,* 174 Ill. 242; *Meyer v. Levy,* 249 Ill. App. 408, and *Heffron v. Gage,* 149 Ill. 182.

We are of the opinion that the trustee acted in strict accord with the covenants and agreements of the trust deed when the foreclosure suit was instituted, and that it was properly instituted without further notice than that given. Therefore, the decree of the superior court of Cook county is affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.