No. 3-05-0287

_____

Filed March 16, 2007.
IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| In re Marriage of<br>SARMPOP TANTIWONGSE, | ) <br> ) <br> ) | Appeal from the Circuit Court<br>of the Twelfth Judicial Circuit,<br>Will County, Illinois |
| Petitioner, | ) <br> ) | |
| and | ) <br> ) | |
| MARTHA TANTIWONGSE, | ) <br> ) | No. 00-D-1382 |
| Respondent-Appellant, | ) <br> ) | |
| v. | ) <br> ) | |
| LAW OFFICES OF EDWARD R.<br>JAQUAYS, | ) <br> ) <br> ) | Honorable<br>Robert J. Baron |
| Appellee. | ) | Judge Presiding |

_____

PRESIDING JUSTICE LYTTON delivered the Opinion of the Court:
_____

The Law Offices of Edward R. Jaquays law firm (Jaquays) sought attorney fees from its former client, Martha Tantiwongse. The trial court accepted a stipulation requiring Martha to pay Jaquays $5,100 for the work it performed on Martha's behalf. The trial court also ordered Martha to pay Jaquays $2,353 for attorney fees Jaquays incurred collecting the fees Martha owed. Martha appeals, arguing that the trial court erred by (1) accepting the stipulation, and (2) ordering her to pay Jaquays attorney fees for collecting from her. We affirm the order allowing the stipulated

fees but reverse the court's order requiring Martha to pay Jaquays attorney fees for collection.

In September 2000, Martha retained Jaquays to represent her in a marriage dissolution action. The primary attorneys working on her case were Edward Jaquays and Victoria McKay Kennison. Martha signed a retainer agreement with Jaquays, requiring her to pay interest at the rate of one percent per month and twelve percent per year for any amounts she did not pay within fifteen days of being billed. Section seven of the retainer agreement set forth additional consequences of Martha's failure to pay:

> "In the event of default of payment of attorney's fees and costs due, and it becomes necessary to institute suit to enforce payment of outstanding attorney's fees, then client agrees to pay all costs of collection, including attorney's fees to be billed at the hourly rate hereinabove specified."

Jaquays represented Martha in her dissolution action for six months. In March 2001, Jaquays filed a motion to withdraw and a petition for attorney fees, seeking $8,403.94 in legal fees. The trial court granted Jaquays leave to withdraw and subsequently entered an order granting Jaquays all of its fees. Martha filed a motion to vacate the order, arguing that she was not present to contest Jaquays' fee petition because she had been directed to the wrong courtroom. The trial court vacated the judgment. In

2

September 2002, Jaquays filed an amended petition for fees, seeking $11,004.95 in legal fees and interest from Martha.

In April 2004, the parties entered in a stipulation in which Martha and Jaquays agreed that Martha owed Jaquays $5,100 for legal services and expenses as of May 30, 2001. Both parties also agreed to submit the following unresolved issues to the court for final determination: (1) what amount of interest, if any, Martha should pay on the $5,100; (2) what amount, if any, Martha should pay Jaquays for attorney fees and costs incurred in collecting its fees; and (3) what amount, if any, Martha should pay for interest on attorney fees incurred for collection. Martha was represented by an attorney, David Epstein, when she agreed to and signed the stipulation.

Thereafter, Jaquays filed a supplemental petition for final adjudication of attorney fees. In that petition, Jaquays requested interest at the rate of one percent per month or twelve percent per year from May 30, 2001 until the date Martha paid Jaquays $5,100. Jaquays also requested $7,426.75, plus interest, for attorney fees it incurred in collecting Martha's fees. According to the itemized billings attached to the petition, Edward Jaquays and Victoria McKay Kennison performed all of the work to collect the fees Martha owed. In response to Jaquays' petition, Martha disputed Jaquays' collection costs and interest but did not contest the terms of the stipulation or dispute that she owed Jaquays $5,100.

3

The trial court ruled that Martha was required to pay one percent interest per month from the date of the stipulation to the date she paid Jaquays $5,100. The court further ordered Martha to pay Jaquays $2,353 in attorney fees for collecting the amounts she owed. The court denied Jaquays' request for interest on those fees. Martha filed a motion to reconsider. Several months later, she filed a motion to vacate the stipulation. The trial court denied both motions.

## I. STIPULATION

Martha argues that the trial court should not have enforced the stipulation agreement because it was the result of Jaquays' excessive billing and, thus, vitiated by fraud and contrary to public policy.

Illinois courts favor stipulations that are designed to simplify, shorten, or settle litigation and save costs for the parties. In re Marriage of Ealy, 269 Ill. App. 3d 971, 647 N.E.2d 307 (1995). A court may reject an otherwise valid stipulation only if it is fraudulent, unreasonable, or in violation of public policy. Opper v. Brotz, 277 Ill. App. 3d 1024, 661 N.E.2d 1159 (1996). A court will not relieve parties from a stipulation in the absence of a clear showing that the matter stipulated to is untrue, and then only when an objection is seasonably made. See Estate of Moss v. Vulgamott, 109 Ill. App. 2d 185, 248 N.E.2d 513 (1969). A trial court's decision to accept a stipulation will not be

4

disturbed absent a manifest abuse of discretion. See <u>Bloome v. Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C.</u>, 279 Ill. App. 3d 469, 664 N.E.2d 1125 (1996).

Here, Martha has offered nothing which rises to the level of manifest abuse. While represented by counsel, Martha voluntarily signed the stipulation agreement, admitting that she owed Jaquays $5,100. Although Martha now argues that fraud vitiated the stipulation, nothing in the record indicates that the stipulation was fraudulent, unreasonable, or violated public policy. Despite Martha's claim that Jaquays' billings were excessive, we find no evidence that Jaquays committed fraud or violated public policy in billing her for the legal services it provided. The stipulation required Martha to pay $5,100, significantly less than the amount Jaquays sought from Martha in September 2002. The stipulation was reasonable and properly enforced by the trial court.

## II. ATTORNEY FEES FOR COLLECTION

Martha also argues that the trial court erred by awarding attorney fees to Jaquays for its efforts in collecting the legal fees. She claims that the section of the retainer agreement that allows for such fees violates public policy.

Courts will not enforce terms of a contract that violate public policy. <u>Dowd & Dowd, Ltd. v. Gleason</u>, 181 Ill. 2d 460, 693 N.E.2d 358 (1998). It is against public policy to allow an attorney to represent himself and charge for professional services

5

in his own cause.  <u>Cheney v. Ricks</u>, 168 Ill. 533, 48 N.E. 75 (1897); <u>Garrett v. Peirce</u>, 74 Ill. App. 225 (1897). This is true even if a contract specifically allows for the recovery of attorney fees.  See <u>Gray v. Robertson</u>, 174 Ill. 242, 51 N.E. 248 (1898): <u>Lustig v. Horn</u>, 315 Ill. App. 3d 319, 732 N.E.2d 613 (2000).

Lawyers representing themselves simply do not incur legal fees.  <u>Hamer v. Lentz</u>, 132 Ill. 2d 49, 547 N.E.2d 191 (1989). Thus, attorneys who represent themselves in an action are not entitled to recover their own attorney fees.  See <u>Kehoe v. Saltarelli</u>, 337 Ill. App. 3d 669, 786 N.E.2d 605 (2003); <u>In re Marriage of Pitulla</u>, 202 Ill. App. 3d 103, 559 N.E.2d 819 (1990); <u>Stein v. Kaun</u>, 244 Ill. 32, 91 N.E.2d 77 (1910).

The retainer agreement entered into between Martha and Jaquays provided that Martha would pay all costs and attorney fees Jaquays incurred to collect the legal fees Martha owed.  In its petition for fees, Jaquays claimed to incur attorney fees for the work Edward Jaquays and Victoria McKay Kennison performed to collect their legal fees from Martha.  Edward Jaquays and Victoria McKay Kennison are employed by the Jaquays law firm and were the attorneys who represented Martha in her dissolution action.  As such, they were representing themselves in the collection action against Martha and could not incur any legal fees on their own behalf.  See <u>Hamer</u>, 132 Ill. 2d 49, 547 N.E.2d 191.  Thus, they were not entitled to recover attorney fees for collecting from

6

Martha.  See <u>Kehoe</u>, 337 Ill. App. 3d 669, 786 N.E.2d 605; <u>Pitulla</u>, 202 Ill. App. 3d 103, 559 N.E.2d 819; <u>Stein</u>, 244 Ill. 32, 91 N.E.2d 77.     Since Jaquays chose to handle its own fee collection, it did not incur any legal fees in doing so and was not entitled to recovery from Martha.  Thus, the trial court erred in awarding Jaquays its collection fees. See <u>Gray</u>, 174 Ill. 242, 51 N.E. 248 (1898): <u>Lustig</u>, 315 Ill. App. 3d 319, 732 N.E.2d 613.

The judgment of the circuit court of Will County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

CARTER and HOLDRIDGE, JJ., concurring.