## Charles M. Gale et al., Appellees, v. F. A. Carter et al. (Selma L. Kohn, Appellant).

### Gen. No. 5289.

1. FORECLOSURE—*who necessary parties.* In a bill to foreclose a mortgage all persons interested should be made parties. A tenant in possession paying rent is a necessary party.

2. FORECLOSURE—*against whom writ of assistance may issue.* A writ of assistance ancillary to a decree of foreclosure can only issue against the defendants in the bill and those claiming under them after the suit was commenced.

3. FORECLOSURE—*what does not cure decree erroneous because of insufficient parties having been made to the bill.* If a decree in foreclosure is erroneous because a tenant in possession paying rent was not made a party defendant thereto, a disclaimer of interest by such tenant filed in the Appellate Court will not cure such decree and prevent a reversal.

4. FORECLOSURE—*when allowance of solicitor's fees erroneous.* If the solicitors appearing for a complainant corporation are likewise officers and directors thereof and no provision has been made by resolution of such corporation for the payment for the services of such solicitors, an allowance of fees made to such complainant on account of the services rendered by such solicitors is erroneous.

5. FORECLOSURE—*when appointment of receiver not erroneous.* The appointment of a receiver in a foreclosure proceeding is not erroneous where it appears that the mortgagor was out of the jurisdiction of the court; that the principal with interest thereon had matured; that the buildings covered by the mortgage had not been kept insured, nor the taxes paid, and the security was scant.

Foreclosure. Appeal from the Circuit Court of Ogle county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1909. Reversed in part and remanded. Opinion filed March 11, 1910. Stricken from rehearing docket April 13, 1910.

NORMAN P. WILLARD and ALFRED R. HULBERT, for appellant.

J. C. SEYSTER and S. W. CROWELL, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

On January 28, 1907, the Oregon State Bank loaned F. A. Carter $5,000 and received two notes payable two years thereafter with interest at seven per cent per annum, as evidence thereof. The notes were secured by a trust deed on real estate in Phelps' Addition of Oregon, executed by Carter to Charles M. Gale, cashier of the bank, as trustee. The trust deed provided that the grantor was to pay the principal sum with interest, taxes and assessments and keep the buildings insured, and for a reasonable solicitor's fee in the event of a foreclosure. Thereafter, Carter conveyed the real estate to one Boyer, trustee, and Boyer conveyed it to Miller, and Miller and wife conveyed it to Selma L. Kohn. A subsequent mortgage of $1,000 on the premises was given to one M. Louise Perry. On March 28, 1909, the principal sum of the loan with interest from January 28, 1907, and certain taxes and insurance, being due and unpaid, Charles M. Gale and the Oregon State Savings Bank, by J. C. Seyster and S. W. Crowell, solicitors, filed a bill in the Circuit Court of Ogle county to foreclose the trust deed. The bill made Carter, Boyer, trustee, Miller, Kohn and Perry defendants, and prayed for an accounting, a foreclosure of the trust deed and solicitor's fees, the appointment of a receiver and general relief. The bill was taken as confessed as to all the defendants except Selma L. Kohn. She answered denying most of the allegations of the bill, and denying complainant's right to a decree and their right to an allowance for solicitor's fees, because the solicitors were officers and directors of the bank, and alleging that one B. S. Marshall was tenant in possession of the real estate, and that he was not a party to the proceedings. A replication was filed to the answer. There was a hearing and the court found that there was due the Oregon State Savings Bank $5,317.52, and ordered that in default of payment thereof within thirty days the trust deed be

foreclosed and the bank be allowed $200 for its reasonable solicitor's fees, and appointed a receiver to take charge of the property.    Selma L. Kohn prosecutes this appeal.

The evidence shows that Marshall was a tenant in possession paying rent.    This invested him with an interest in the mortgaged premises and made him a necessary party to the bill, as the rule is uniform that on a bill to foreclose a mortgage all persons interested should be made parties.    He had an interest in the premises which the decree would not cut off unless he was a party.    Upon a sale of the mortgaged premises, the purchaser, in case no redemption was made, would be entitled to a writ of possession.    But a writ of possession could only issue against the defendants in the bill, and those claiming under them, after the suit was commenced, hence the necessity of making all persons in possession of the premises parties to the bill, in order that they might be concluded by the decree, and the title divested, whatever it might be.    Richardson v. Hadsall, 106 Ill. 476.    Moreover, the failure to make the tenant a party might affect the selling price of the property.    A party desiring to bid at the sale would likely be deterred from bidding if there were a party in possession not bound by the decree, or if such party did bid at all, it would likely be in a less sum than he otherwise might.    As appellant was entitled to any surplus after the satisfaction of the decree, it was her right and for her interest to have the property sold under the best possible conditions.    Notwithstanding appellees' claim that they themselves put the tenant in possession, when the answer disclosed that he was a tenant, they should have amended their bill and made him a party, and when the evidence disclosed to the court that the tenant was not made a party, it should have taken notice of such omission and ordered the bill so amended that he be made a party.    Herrington v. Hubbard, 1 Scam. 569; Knoff v. Chicago Real Estate Board, 173 Ill. 196.    It is the duty of the complainant

to see that he has before the court all necessary parties; and where he takes a decree without making the necessary parties defendant, where disclosed to him, the decree will be reversed. Hopkins v. Roseclare Lead Co., 72 Ill. 373; Brown v. Riggin, 94 Ill. 560.

After the cause had reached this court appellees filed a disclaimer signed by the tenant, but from the view we take of the case the rights of the parties should be determined as disclosed by the record of the trial.

It is admitted that the solicitors who filed the bill for appellees to foreclose the trust deed, were at the time officers and directors of appellee bank, although what offices they held is not disclosed, and appellant contends that the allowance to appellees for solicitors' fees when the services were rendered by complainant's officers and directors, is reversible error. While no authority directly in point is cited, our attention is directed to Gray v. Robertson, 174 Ill. 242, where it was held that a trustee should not charge and receive compensation as a solicitor in a cause in which he appeared as a party, though in his capacity as trustee; and in the case of Cheney v. Ricks, 168 Ill. 533, where it was held that a party to a partition proceeding, who was an attorney at law and who prepared the bill in the cause, could not become his own client and be allowed compensation. That case cited with approval cases that held that an attorney who was a mortgagee could not recover fees for professional services which he rendered in a proceeding to foreclose a mortgage, though a stipulation therein provided for the allowance of solicitor's fees. In Willard v. Bassett, 27 Ill. 37, the court said that an attorney who is an administrator is not entitled to an allowance against the estate for professional services he may have rendered it. If he performs such services they will be regarded as a gratuity. On the strength of these decisions it is urged that the acts of the solicitors in foreclosing the trust deed were the acts of the officers and directors of the

bank, and must be presumed to be gratuitous, especially as no specific contract for solicitor's fees was shown. Directors or officers of a corporation are not entitled to compensation from it unless a resolution or by-law has previously been made providing therefor. There can be no implied contract for such compensation to directors and officers of a corporation. In the absence of a resolution or by-law no recovery could be had by the solicitors against the corporation for their services.

Appellees argue that neither of the solicitors is a party to the suit and that the directors, in rendering legal services, were not in the performance of their usual duties as directors, apparently ignoring the relation which directors bear to a corporation. Pomeroy, in his Equity Jurisprudence, paragraphs 1088, 1090, says that directors are *quasi* trustees for the corporation, and that the equitable obligations resting upon and the equitable remedies given against corporation directors as well as executors and administrators are analogous to those resting upon and given against actual trustees. They result directly from the theory of trusts. In Gray v. Robertson, *supra,* it was said: "At the common law the trustee could not demand or be awarded compensation for his services in connection with the trust, in the absence of an express contract entitling him thereto. This rule of the common law has been adopted by repeated decisions of this court." Citing Willard v. Bassett, *supra;* Cheeney v. Lafayette, Bloomington & Mississippi Railway Co., 68 Ill. 570; Hough v. Harvey, 71 *id.* 72; Huggins v. Rider, 77 *id.* 360; Cook v. Gilmore, 133 *id.* 139; Buckingham v. Morrison, 136 *id.* 437. The court said in Hough v. Harvey, 71 Ill. 72. "A trustee can make no profit out of his office; and the reason on which this principle rests is, that a trustee shall be placed in no position where his interest may be opposed to his duty. Hence the rule, that a trustee can have no allowance or compensation, according to the doctrine of equity, for his

time and trouble in the execution of a trust, and this rule applies not only to trustees, strictly so-called, but also to all who hold a fiduciary relation, as, executors and administrators, mortgagees, receivers, guardians, and officers, directors and trustees of corporations. Perry on Trusts, sec. 904, and cases in notes. 'If trustees,' says the same author, 'render services to the trust estate in their professional characters as solicitors, factors, brokers, bankers, or in any other capacity, they can receive no compensation or commission for such services.' *Id.* sec. 904.''

Under these authorities we hold that the allowance to appellee bank of $200 solicitors' fees was error.

Appellant argues that the appointment of the receiver is not included in the assignment of errors. ''Every error must be specifically pointed out in the assignment of errors (Swift & Co. v. Fue, 167 Ill. 443), so clearly that from the showing error is manifest (Gibler v. City of Mattoon, 167 Ill. 18), and an error not assigned is not open to review. Gilbert v. Maggord, 1 Scammon 471; Jackson v. Warren, 32 Ill. 331; Thayer v. Peck, 93 *id.* 357; Diversey v. Johnson, *id.* 547; Page v. People, 99 *id.* 418.'' Berry v. City of Chicago, 192 Ill. 154. Although we are not called upon to consider this question, we find from the record that the security was scant, that the mortgagor was out of the jurisdiction of the court; that the principal with interest thereon has been due since January 28, 1909; and that the buildings had not been kept insured nor had the taxes been paid. Therefore the appointment of the receiver was not error, though made at a time earlier than provided for by the trust deed.

The decree will therefore be reversed except so much thereof as relates to the appointment of a receiver, and the cause will be remanded with leave to the complainants to make the party or parties in possession, party or parties defendant or defendants to the bill if they shall be so advised. If the bill is not amended within

a reasonable time it should be dismissed without prejudice for want of proper parties.

The decree is reversed in part and the cause is remanded with directions.

*Reversed in part and remanded.*