## Charles M. Gale et al., Defendants in Error, v. F. A. Carter et al.; Selma L. Kohn, Plaintiff in Error.

## Gen. No. 5389.

1. APPEALS AND ERRORS—*when terms of appeal not reviewable.* If the court imposed improper conditions upon the right to appeal such action is immaterial if the review of the decree complained of is obtained by writ of error without complying with such conditions.

2. FORECLOSURE—*when allowance of fees proper.* An allowance of fees is proper where an officer of the complainant bank has acted as solicitor if it appears from the resolutions of such bank that such officer was entitled to charge and collect from it for services rendered in such foreclosure.

3. FORECLOSURE—*when allowance of fees excessive.* *Held,* in this case, that $200 was an excessive allowance.

Foreclosure. Appeal from the Circuit Court of Ogle county; the HON. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1910. Affirmed in part and reversed in part. Opinion filed May 25, 1911.

NORMAN P. WILLARD, for plaintiff in error; HORACE G. KAUFMAN and FRANC BACON, of counsel.

J. C. SEYSTER and S. W. CROWELL, for defendants in error.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

This writ of error is sued out to review a decree of foreclosure. A statement of the case may be found in Gale v. Carter, 154 Ill. App. 478, where this court reversed a former decree because of the want of a necessary party and for error in the allowance of solicitors' fees. The case was thereafter reinstated in the trial court April 25, 1910, after proper notice, and on May 5, the bill was amended, making necessary parties. The new party answered disclaiming all interest in the matter in controversy. The court after hearing the evidence entered a decree of foreclosure for $5452.08 due the Oregon State Savings Bank and for $200 solicitors' fees. The defendant, Selma L. Kohn, prayed an appeal to this court, which was allowed, conditioned upon her filing a bond with a resident of Ogle county as surety to be approved by the clerk of the circuit court, the bond to be for the payment of $1000 of the amount found due and interest and costs in case

the decree be affirmed. She did not appeal but prosecutes this writ of error.

It is contended that the trial court erred in requiring that the appeal bond should be conditioned for the payment of $1,000 of the amount found due if the decree should be affirmed. The defendant in error however prosecuted this writ of error and procured a supersedeas staying proceedings in the trial court until the writ of error is disposed of by this court. If the condition of the appeal bond as fixed by the trial court was erroneous, still it does not constitute reversible error inasmuch as the plaintiff in error has obtained a review without filing an appeal bond and is not damaged by the alleged improper condition.

It is also insisted that the allowance of solicitiors' fees is erroneous and that if any solicitiors' fee should be allowed the sum of $200 is excessive. The former opinion of this court held that the record showing that both the solicitors for the defendant in error, the Oregon State Savings Bank, were officers and directors in that bank, that it would be presumed the duties they performed in the foreclosure suit were in the line of their duty as officers of the bank, and there being no evidence that they were to be paid by the bank for such services, solicitors' fees could not be recovered. The defendants in error at the last hearing offered in evidence the record of the evidence at the first trial and a resolution of the Oregon State Savings Bank adopted May 4, 1910, that any officer of the bank who is a licensed attorney, who shall render legal services for the bank should receive therefor the usual and reasonable compensation usually allowed attorneys or solicitors in such court for like services the same as though the attorney was not an officer of the bank. There is evidence showing that $200 is the usual, customary and reasonable fee for foreclosing such a mortgage. There is also the testimony of one witness that the usual, customary and reasonable fee in

Ogle county for amending the bill of foreclosure and attending to the proceedings thereafter would be $200. The record shows that the case was redocketed, leave taken to amend and the entry of appearance of the new party obtained before the resolution of May 4th was passed by the Bank. All that the solicitors did was to insert the name of the tenant of the property in the bill and make the proof concerning their fees. If $200 is the usual and reasonable fee for foreclosing such a mortgage then it must be conceded that the fee allowed for proving the solicitors' fee and for drawing the decree is excessive. Under the showing that $200 is the usual fee for all the work in such a foreclosure, $75 would be a reasonable fee for conducting the proceedings subsequent to the passage of the resolution.

Plaintiff in error insists there was error in the appointing of the receiver; that question was disposed of in our former opinion and is now *res adjudicata.*

It is also contended that there was error in proceeding to a decree at the term at which the case was reinstated. It is not pointed out wherein the alleged error consists, and the proceedings appear to have been strictly pursuant to the statute.

The decree is affirmed in all particulars except as to the allowance of solicitors' fees which are reduced to $75. The costs of this writ of error are taxed to defendants in error.

*Affirmed in part, reversed in part.*