## Union Trust & Savings Bank, Appellee, v. John C. Hall et al., Appellants.

1. MORTGAGES, § 457*—*when corporation which is sublessee is necessary party to suit to foreclose mortgage on leasehold.* Where part of a building erected upon a leasehold estate was leased to a corporation for a term, with provision for renewal at its option upon notice to be given six months prior to termination of said term, *held,* in a suit to foreclose a mortgage given upon said leasehold estate in which the president of said corporation was individually made a party defendant, but not/said corporation, and in which there was a controversy between the parties interested as to whether the required notice of renewal of said lease to said corporation had been given, that the court erred in not requiring the complainant in said suit to make said corporation a defendant to the proceeding.

2. CORPORATIONS, § 284*—*when compensation is improperly allowed to firm of attorneys of which officer is member.* A director of a corporation is not entitled to compensation for services rendered to it as solicitor where no provision has been made by a resolution of such corporation to pay for his services as its solicitor, and where such director performing such services as solicitor was a member of a firm appearing of record as solicitors in a suit, the other member of which was not a director or officer of such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

corporation, a decree in such suit allowing such firm compensation for such services was erroneous.

3. MORTGAGES, § 464*—*when suit should be dismissed as to party disclaiming interest.* It is error for a trial court not to dismiss a bill for the foreclosure of a mortgage as to a defendant who, by answer, has disclaimed any interest in the subject-matter of the suit and who is shown by the proofs to have no interest therein.

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 13, 1916.

C. B. THOMAS, E. J. VERLIE and M. MILLARD, for appellants.

KEEFE & SULLIVAN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a decree in a suit to foreclose a mortgage on certain property in East St. Louis, Illinois. There appears to be no substantial controversy as to the facts, which are shown to be as follows: Jacob D. Goldman owned a parcel of land in fee in said city, and executed to appellant John C. Hall a ninety-nine year lease on the same. A large four-story building was afterwards erected upon the property. Some of the rooms on the lower floor were used for storerooms and a bank, while the rest of the lower floor and the upper stories were used as a hotel. John C. Hall deeded his leasehold to Thresher Hall, who conveyed it back to him and Charles Neustadt, as trustees, for the benefit of a number of persons. Later a lease was made to the C. O. Clark Hotel Company for that part of the building devoted to hotel purposes, at a rental of $650 a month. The bank and stores paid $905 a month additional. The Clark Company afterwards changed its name to the Illmo Hotel

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Company and the corporation continued business under that name. The lease made with said corporation was for five years, with a provision for its renewal at the option of the hotel company, provided it gave six months' written notice in advance of the expiration of the lease, the renewal was desired. There is a controversy between the parties interested in the lease as to whether the notice was given and the lease thereby extended. There were three mortgages on the leasehold and building, each for the sum of $50,000. Only one of these, the third mortgage which belonged to appellee, had matured and on this foreclosure proceedings were brought.

Charles E. Gillen, who was president of the Illmo Hotel Company, was individually made a party defendant to the suit, but the hotel company itself was not made a party. In the decree of foreclosure it was found that in addition to the debt there was due to appellee a further sum of $3,000 as a reasonable solicitors' fee, for the services of Keefe and Sullivan, complainant's solicitors, and it was decreed, among other things, that the costs of this suit should "include a solicitors' fee of $3,000 to Keefe and Sullivan." It was shown by the proofs that Judge Keefe, one of the solicitors for complainant and a member of the firm to whom the allowance for solicitors' fees was made in the decree, was a director of the appellee bank, but the record failed to show any by-law or resolution of the complainant directing that Judge Keefe be paid for his services in foreclosing the mortgage.

The two questions raised by appellants on this appeal and upon which they rely to reverse the decree are, that the court erred in not requiring appellee to make the Illmo Hotel Company a party to the suit, so that its right in the property as lessee could be determined, and in allowing a solicitors' fee to Keefe and Sullivan, for the reason that the former was a

Union Trust & Savings Bank v. Hall, 202 Ill. App. 578.

director of appellee and no resolution or by-law had been passed by complainant that he be paid for his services. The Illmo Hotel Company, as tenant, was paying a little over two-fifths of the rent for the entire property, and it was a disputed question whether it was a tenant from month to month, or was entitled to hold the property under an extension of the lease until July, 1919. The rights of the hotel company and whether or not it was entitled to the extension of the lease claimed by it were not and could not be determined in the decree, as it was not a party to the suit. It is rightly claimed by appellants that the price of the property might be affected by a sale under these conditions. One prospective bidder might want possession of the property at the expiration of the period of redemption and be restrained from bidding for fear that the tenant would not remove for a number of years. Another who wished to purchase the property, as an investment, might fear that his tenant would leave at the end of any month, and in any event the purchaser would probably be subject to a lawsuit to determine the rights of the hotel company, as lessee. It is a general rule, not without exception, that all parties having interest in the property should be made parties to a proceeding foreclosing the same. It is essentially desirable that this rule should be adhered to in cases where the rights of parties claiming an interest in the property are undetermined and the subject of dispute, and where additional litigation might become necessary to determine the conflicting claims, as in the present case. The value of the property seems to have been largely conjectural, it having been estimated by the several witnesses at from $200,000 to $400,000 and appellants were entitled to have it sold under the most favorable circumstances that due observance of appellee's rights would permit of, which could not have been the case here where the hotel com-

pany was not made a party and its rights and interests were not determined in the decree. The court below therefore erred in not requiring appellee to make the hotel company a defendant to the proceeding, as insisted upon by appellants.

While it is true that the bill for foreclosure is signed in the name of Keefe and Sullivan as solicitors and the $3,000 was allowed appellee for their services, the record discloses the fact that the services were in fact rendered by Judge Keefe, the senior member of the firm, who was, at the time, a director of appellee. The record fails to show that any resolution or by-law had been passed by appellee bank empowering Judge Keefe to render these services or providing for paying him for the same, and under these conditions the case falls within the rule laid down in *Gale v. Carter,* 154 Ill. App. 478. It was there held that directors or other officers of a corporation are not entitled to compensation for services rendered to it as solicitors, where no provision has been made by a resolution of such corporation to pay for their services, as its solicitors. The rule above expressed appears to us to be correct in principle and we adopt it as the governing rule in this case. When officers of a corporation act as solicitors for the same, the presumption must be, in the absence of a by-law or resolution employing them and providing for their compensation, that the services are gratuitous. The fact that only one member of the firm to which the allowance of solicitors' fees was made was an officer of the corporation in this case does not appear to us to effect the principle laid down. No officer of the corporation bringing the suit could, under such circumstances, receive any compensation for his labors and profit thereby, and a decree permitting him to do so would be and is erroneous in that regard.

Charles E. Gillen, who was made a party defendant to the bill herein, filed an answer disclaiming any in-

terest in the subject-matter involved and asking that he be dismissed out of the case. It appeared from the proofs that he had no interest, but the bill was not dismissed as to him and he has assigned as error in this court the failure of the trial court to dismiss him from the suit. This assignment of error is plainly well founded and the decree of the court below should have dismissed the bill as to such defendant. The decree will be reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*