W. W. WILLARD, Appellant, *v.* JAMES BASSETT, Administrator *de bonis non* of the Estate of N. C. Merrill, deceased, Appellee.

#### APPEAL FROM MARION.

An attorney, who is an administrator, is not entitled to an allowance against the estate for professional services he may have rendered it. If he perform such services, they will be regarded as a gratuity.

THE appellant, who was an attorney at law, and Minerva Merrill, the widow of the decedent, took out letters of administration on the estate of N. C. Merrill, deceased. They subsequently resigned, and the appellee was appointed administrator *de bonis non*.

The appellant presented an account for $218, against the

estate, nearly all of which was for legal services rendered by him, while administrator, in cases in which the estate was interested as plaintiff or defendant. The County Court refused to allow this account, but finally allowed Willard and Minerva Merrill, the administratrix, the sum of one hundred and fifty dollars for their services, which was about sixty-three dollars above the regular per cent. to which they would be entitled; this sum, however, was not apportioned between them.

Willard appealed from this order to the Circuit Court of Marion county, and the cause was submitted, by consent, to OMELVENY, Judge, upon an agreed statement of facts.

The Circuit Court affirmed the judgment of the County Court, but ordered the cause to be remanded in order that the amount allowed might be apportioned between Willard and the administratrix, according to their respective services.

Willard, the appellant, brings the cause to this court, and assigns for error, that the Circuit Court erred in affirming the decision of the County Court, and in remanding the cause back to the County Court to amend its order and judgment by apportioning the judgment between the administrators—and in refusing to allow the appellant his fees for services rendered as attorney for the estate.

W. STOKER, for Appellant.

JAMES BASSETT, *pro se.*

CATON, C. J.   The only question in this case is, whether an attorney of this court, who is an administrator, is entitled to an allowance against the estate, for professional services, in cases which he prosecutes or defends as such administrator. The authorities are uniform that this should not be allowed, and every principle of sound policy forbids it.   The law cannot permit the idea that a person can take the office of executor or. administrator as a business, or as a means of making money.   It must ever associate with that place, to a certain extent, the idea of benevolence or philanthropy.   We must ever assume that whoever takes such a position is actuated by an impulse of generosity and a desire to do good to others, rather than to make it a source of profit to himself.   He must not be expected to suffer loss in the discharge of his duties, hence he must be allowed his necessary disbursements, and a reasonable compensation for the time and trouble bestowed upon the business of the estate.   But beyond this the court should never go.   If he chooses to exercise his professional

skill as a lawyer in the business of the estate, that must be considered a gratuity. To allow him to become his own client and charge for professional services in his own cause, although in a representative or trust capacity, would be holding out inducements for professional men to seek such representative places to increase their professional business, which would lead to most pernicious results. This is forbidden by every sound principle of professional morality as well as by the policy of the law.

We think the decision of the court below was proper, and it must be affirmed.

*Judgment affirmed.*