*In re* ESTATE OF ROBERT L. HACKETT, Deceased.—(CHARLES W. DOTSON, Ex'r of the Estate of Robert L. Hackett, Petitioner-Appellant, *v.* MONTELLE J. GREVE *et al.*, Defendants-Appellees.)

Fourth District   No. 14112

Opinion filed August 15, 1977.

L. Stanton Dotson, of Mattoon, for appellant.

Frank W. Lincoln, of Nichols, Jones, McCown, Lincoln & Albin, and Lemna & Moore, both of Tuscola (James E. Lemna and Emerson L. Moore, of counsel), for appellees.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

This case presents the question of whether a personal representative who is an attorney at law is entitled to compensation for both legal and nonlegal services performed.

This question has been often discussed but seldom litigated in recent years. Early supreme court cases hold that the representative is not entitled to compensation for legal services. A few more recent appellate court decisions allow compensation for both types of service. Text writers are not in agreement. (Compare Horner, Probate Practice and Estates §§402, 758 (1961), and James, Illinois Probate Law & Practice §336.5 (1951).) I.S.B.A. Professional Ethics Opinion No. 520, issued October 7, 1975 (64 Ill. B. J. 258 (1975)), rules that an executor or administrator who is also an attorney at law is entitled to compensation for both. We agree with that opinion and deem it to properly interpret the present law of the State.

The will of Robert L. Hackett was admitted to probate in Douglas County in 1951. He devised 100 acres of farm land to his wife Lillian for life and directed that after her death the land be sold by his executor at public sale and that the net proceeds be distributed to his heirs per stirpes. Lillian Hackett was named and served as executor throughout the original administration of the estate. Charles Dotson was named successor executor and served throughout the original administration as attorney for the executor. The 100-acre tract was listed in the State inheritance tax return as having a value of $42,000. Mr. Dotson received a fee of $4000. The estate was closed in 1952.

Lillian Hackett died in November 1975. On May 10, 1976, Mr. Dotson petitioned the Circuit Court of Douglas County to reopen the estate and for issuance of letters to him as successor executor. The court granted that petition and a subsequent one asking for authority to sell the 100 acres at public sale. The land sold for $440,000. The executor then filed a final report in which he claimed a fee of $15,000 for *legal* services connected with the reopening of the estate, the sale and the distribution of the proceeds. Defendants, heirs of the testator, objected to the fees. At a hearing on the report and objections, the executor asked leave to amend the report to indicate that he requested compensation for nonlegal services as executor as well as for legal services. The court sustained defendants' objections ruling that the executor was entitled to compensation either for nonlegal services as executor or for legal services but not for both. The court heard evidence as to reasonable fees for legal

work and then ordered the executor to amend the report to reduce the fees to $3000 and to make distribution. The executor, Charles Dotson, appeals from that order.

■■ Because of our determination that the executor was entitled to compensation for both legal and nonlegal services, we rule that the court's refusal to allow the amendment requested by the executor and the resultant failure to consider both types of services to be reversible error.

In denying leave to amend, the trial court relied on the early supreme court cases of *Willard v. Bassett* (1861), 27 Ill. 37, and *Hough v. Harvey* (1873), 71 Ill. 72. In *Willard v. Bassett* the court affirmed a denial of fees for legal services rendered by an administrator and said:

"The law cannot permit the idea that a person can take the office of executor or administrator as a business, or as a means of making money. It must ever associate with that place, to a certain extent, the idea of benevolence or philanthropy. We must ever assume that whoever takes such a position is actuated by an impulse of generosity and a desire to do good to others, rather than to make it a source of profit to himself. He must not be expected to suffer loss in the discharge of his duties, hence he must be allowed his necessary disbursements, and a reasonable compensation for the time and trouble bestowed upon the business of the estate. But beyond this the court should never go. If he chooses to exercise his professional skill as a lawyer in the business of the estate, that must be considered a gratuity." 27 Ill. 37, 38-39.

In *Hough v. Harvey* an executor who was an attorney was sued in his representative capacity in a county other than the one where the estate was being administered. He then sought additional compensation in the probate proceedings for his services rendered in attending court, developing a defense and finding witnesses in the litigation in the other county. The supreme court ruled that he was not entitled to this compensation. Citing *Willard v. Bassett*, the court found the services to be legal in nature and thus not compensable. The court also stated that even if the services were not those of an attorney, no compensation could be allowed for the travels to obtain witnesses because to allow such compensation would encourage other executors to take unnecessary trips. The opinion indicated that if such a trip was necessary, the better practice would be to hire an agent to do it. The opinion followed the theory of *Willard v. Bassett* that services as a personal representative were charitable in nature and should not enable the representative to obtain financial gain.

No subsequent supreme court case has ruled directly upon the question. Nearly 70 years after *Hough v. Harvey*, the appellate court for the Second District in deciding *In re Estate of Edwards* (1942), 312 Ill.

App. 645, 36 N.E.2d 72, approved an executor's fee which included compensation not only for the ordinary functions of the executor but also for legal services. The court noted that the performance of legal services by the executor saved money for the estate.

In ruling that the rationale of the early supreme court cases was not applicable, the appellate court said:

> "The holding in the early case of *Willard v. Bassett*, 27 Ill. 37, that an administrator or executor could not take the office as a business or as a means of making money, but that it was to a certain extent associated with the idea of benevolence or philanthropy, is no longer applicable. In conformity with the customs and necessities of vastly increased business, trade and commerce, it is now recognized as a business, with statutory provisions authorizing banks and trust companies to engage therein, and a provision that anybody so acting shall be allowed reasonable compensation." 312 Ill. App. 645, 650, 39 N.E.2d 72, 74.

The recent case of *In re Estate of Saperstein* (1974), 24 Ill. App. 3d 763, 321 N.E.2d 328, concerned a claim for compensation for an attorney who was coexecutor of an estate the principal asset of which was the Harlem Globetrotters basketball team. In approving compensation of $140,000 as an attorney's fee, the court considered that the coexecutor not only rendered legal service but actually ran the business affairs of the team, scheduling games and traveling with the team.

The professional ethics opinion relies heavily upon a concise article entitled *Right of Attorney-Executor to Compensation for Legal Services* by Henry L. Pitts, appearing in 43 Ill. B. J. 362 (1955). The author recognizes the uncertainty caused by the precedent of the early supreme court case but agrees with *In re Estate of Edwards* that the rationale of those early cases is inapplicable in the modern economy. The author also notes that during the time of the early cases, compensation for personal representatives was related to a percentage of the estate, whereas now both their fees and those of their attorneys are subject to court approval based only on reasonableness. See Ill. Rev. Stat. 1975, ch. 3, pars. 27—1 and 27—2.

The requirement that the charges be reasonable is sufficient protection in most instances. Permitting the personal representative to perform and charge for legal services does, of course, permit the representative to profit by his decision. The same is true, however, with regard to the decision to perform various unusual nonlegal functions as was done in the case of *In re Estate of Saperstein*. Usually money will be saved the estate because, although the fee for the representative for dual services will be larger than would be a fee for only nonlegal services or that of an attorney for legal services, it will be substantially smaller than the combined fees

for a separate representative and attorney. In performing nonlegal services, the attorney-representative is entitled only to that compensation which is reasonable for the services performed. If any of the legal work is beyond his competence, he is ethically required to hire counsel to perform that work. I.S.B.A. Professional Ethics Opinion 520.

Because of the widespread practice of attorneys at law serving as personal representatives and the uncertainty as to their permissible compensation, many trial courts have adopted the theory that the attorney-representative may be compensated for the nonlegal services as a representative or for legal services but not for both. No decision of an Illinois court of review supporting this theory has been called to our attention and the early supreme court cases indicate that attorneys' fees are impermissible even if no other compensation is taken. We recognize that very often it may be desirable to have both a representative and an attorney, but we rule that an attorney-representative who performs legal work for an estate is entitled to reasonable compensation for all services rendered, legal and nonlegal. The best practice would be to include that compensation in a single fee. See *In re Estate of McCalmont* (1958), 16 Ill. App. 2d 246, 148 N.E.2d 23.

■■ In determining reasonableness of the fee for the attorney-representative who performs legal work the court should consider "the size of the estate, the work done and the skill with which it was performed, the time required, and the advantages gained" for the estate as well as the diligence, good faith and reasonable prudence of the one requesting the fee. (*In re Estate of Jaysas* (1961), 33 Ill. App. 2d 287, 292, 179 N.E.2d 411, 413.) In passing upon the reasonableness of court-determined attorneys' fees in other types of cases, the supreme court has recently indicated that greater importance should be given to the time expended as shown by a detailed time record. (*Leader v. Cullerton* (1976), 62 Ill. 2d 483, 343 N.E.2d 897.) In the instant case, Mr. Dotson testified to having spent well over 300 hours performing services for which he sought compensation. Much of this time involved locating interested parties. His time records were not detailed and dispute existed as to the necessity for some of the work. Resolution of this dispute was primarily a question of fact for the trial court. Such a determination in a proceeding to award reasonable compensation, will not be upset by a reviewing court unless clearly wrong. *In re Estate of Jaysas.*

■■ The executor complains that the trial court noted that his prior fee had been partly based upon the value of the 100 acres and for that reason gave no consideration to the value of that land in determining the compensation in dispute. The prior fee was for services rendered to the estate up to the time of its closing. Upon remand, the amount of those fees should not be considered in determining compensation for reopening the

estate, conducting the sale and making a distribution. (*In re Estate of Breault* (1975), 34 Ill. App. 3d 56, 339 N.E.2d 340.) In making that determination the court should consider the value of the property sold as it relates to the responsibility involved. The court should also consider that the sale brought about a favorable price of $4400 per acre for the farm land. On the other hand, the court should also be mindful that the services for which compensation is requested do not involve the full administration of an estate.

■■ Upon being ordered by the court to do so, the executor amended the final report to show his fee as $3000 and issued to himself a check in that amount. Defendants maintain that by making this distribution, the executor waived any error in the determination of the fees. Since this distribution was made pursuant to court order, no release or waiver of error occurred. *Alexander Lumber Co. v. Busboom* (1970), 122 Ill. App. 2d 342, 259 N.E.2d 76.

The order from which appeal is taken is reversed and the case is remanded to the Circuit Court of Douglas County for further proceedings.

Reversed and remanded.

REARDON and KUNCE, JJ., concur.