ROBERT J. SONGER, Plaintiff and Counterdefendant-Appellant, *v.* STATE FARM FIRE AND CASUALTY COMPANY, Defendant and Counterplaintiff.—(COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellee.)

Fifth District    No. 81-448

———

Opinion filed May 13, 1982.

John R. Meyer, of Meyer & Meyer, of Flora, for appellant.

James B. Moses, of Smith, McCollum, Riggle & Moses, of Flora, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Robert J. Songer, appeals from an order of the circuit court of Clay County awarding him $3,500 for attorney fees, $101.62 for costs, and $1,000 as a penalty for the vexatious and unreasonable delay of defendant, Country Mutual Insurance Company, in paying its pro rata share of a fire loss incurred by plaintiff. Plaintiff contends that the amount awarded for attorney fees is unreasonably low and inadequate in light of the circumstances of the case and that the trial court erroneously considered certain factors in making its determination.

The instant case involved protracted litigation which commenced on June 19, 1975, between plaintiff and defendants, State Farm Fire and Casualty Company and Country Mutual Insurance Company. In our

previous decision in this case, we summarized the procedural history as follows:

"After a fire destroyed his house and its contents, plaintiff, Robert J. Songer, brought this action in the Circuit Court of Clay County for a declaratory judgment to determine the rights and liabilities of defendant State Farm Fire and Casualty Company and defendant Country Mutual Insurance Company under their respective policies issued to the plaintiff. The trial court declared, among other things, that Country Mutual was responsible for a pro rata share of the loss, the amount to be determined in a pending companion suit. However, the trial court reserved the question of whether Country Mutual was liable for plaintiff's attorney's fees.

Country Mutual appealed. We dismissed the appeal without prejudice for lack of a final and appealable judgment. Country Mutual was granted leave to obtain a final judgment on the question of attorney's fees.

On remand the trial court found that Country Mutual was vexatious and without reasonable cause in having refused to pay its pro rata share of the loss. The court further found that the matter of attorney's fees was controlled by section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1975, ch. 73, par. 767) as it existed prior to the amendment effective October 1, 1977, which removed the maximum fee recovery limitation of $1,000. Accordingly, the trial court ordered that the plaintiff recover $1,000 of his attorney's fees from Country Mutual." *Songer v. State Farm Fire & Casualty Co.* (1980), 91 Ill. App. 3d 248, 249-50, 414 N.E.2d 768, 769.

On the prior appeal, Country Mutual argued that the policy was cancelled by substitution prior to the loss and that its refusal to pay was not unreasonable and vexatious as to warrant any award of attorney fees. In finding that the trial court did not abuse its discretion in concluding that Country Mutual's refusal to pay was vexatious and unreasonable, we noted that:

"It is apparent that the trial court concluded that the facts of this case were plainly outside the scope of any accepted definition of the doctrine of cancellation by substitution. We agree and note further the lack of any provision in the Country Mutual policy relieving it from liability in the event of other insurance and the indications in Country Mutual's communications following the loss that it did not treat the policy as having been cancelled." (91 Ill. App. 3d 248, 253, 414 N.E.2d 769, 772.)

We also found that the trial court erred in applying the prior version of section 155 of the Insurance Code and therefore remanded the cause for a

determination of the amount of attorney fees to be awarded under the statute as amended.

On remand, plaintiff, with leave of court, filed an amended petition for attorney fees to include services rendered throughout the litigation, certain costs and expenses, and for assessment of a $5,000 penalty pursuant to section 155(b) of the Illinois Insurance Code. (Ill. Rev. Stat. 1979, ch. 73, par. 767(b).) On July 15, 1981, a hearing on the amended petition for attorney fees was held. John R. Meyer, plaintiff's attorney, testified that he had practiced law in Illinois since 1948, that plaintiff hired him in 1974 in connection with the fire that destroyed his residence, and that he was experienced in matters pertinent to the instant case. Meyer further testified as to the usual and customary fee for the years in question and that he spent 194 hours working on behalf of the plaintiff over the last seven years. Meyer stated that his total fees for his services was $9,563.75.

James B. Wham, the attorney for State Farm, testified as to his knowledge of the case and the work performed by Meyer. Wham stated that in his opinion the fee of $9,563.75 was reasonable.

William Robin Todd, an attorney, testified that he had been present during some of the proceedings in the instant case, examined the file and appellate briefs, and had heard the testimony of Meyer as to the hours spent and fees charged. Todd was of the opinion that the $9,563.75 was a reasonable fee.

Following arguments of counsel, the trial court orally announced its decision:

> "As the recent decision held, attorneys fees can't be determined solely on the basis of hours spent times the billing rate. They have to use other elements of the ABA Code, among others the amount involved, fees customarily charged and so forth. In my opinion, a fee of $3,500.00 would be a reasonable attorney fee on the basis that this was purely between Mr. Meyer and Mr. Songer. I just don't believe it would be a greater charge than that. So I will find that $3,500.00 would be a reasonable attorney fee."

On July 29, 1981, the trial court entered an order awarding plaintiff $3,500 in attorney fees, $101.62 for costs, and $1,000 as a penalty for vexatious and unreasonable delay. Plaintiff appeals from that part of the order awarding attorney fees.

As stated, plaintiff contends that the $3,500 awarded for attorney fees is unreasonably low and inadequate in light of the circumstances of the case. Supreme Court Rule 2—106 (79 Ill. 2d R. 2—106) provides that the following factors are to be considered as guides in determining the reasonableness of a fee:

> "(1) the time and labor required, the novelty and difficulty of the

questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood that the acceptance of the particular employment would preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client, or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent."

Plaintiff initially argues that the trial court erred in considering "the amount involved and the results obtained" in determining a reasonable fee in that these are guidelines to be considered only when the attorney-client relationship exists and not when fees are sought from an opposing party for unreasonable and vexatious delay. Plaintiff asserts that this is an equitable provision designed to protect a client from being required to pay all or substantially all of a judgment to his lawyer. Plaintiff further argues that the primary factor to be considered in setting attorney fees is the time expended by the lawyer as shown by a detailed time record and cites a line of Illinois cases in support of this proposition. See *Leader v. Cullerton* (1976), 62 Ill. 2d 483, 343 N.E.2d 897; *Slater v. Jacobs* (1977), 56 Ill. App. 3d 636, 371 N.E.2d 1054; *In re Estate of Hacket* (1977), 51 Ill. App. 3d 474, 366 N.E.2d 1103.

■■ While we recognize the importance of the time expended by the lawyer in determining a reasonable fee, we do not believe it was error to consider the additional factors as enumerated in Supreme Court Rule 2—106 (79 Ill. 2d R. 2—106). The Illinois Supreme Court in *Leader*, in noting the substantial consideration to be given to time expended, stated that "[t]his * * * does not mean that time expended is the sole criterion, nor will it assume the same degree of importance in every case." (*Leader v. Cullerton* (1976), 62 Ill. 2d 483, 488, 343 N.E.2d 897, 900.) In the instant case the trial court noted that it considered the other elements of the ABA Code of Professional Responsibility. We note that Rule 2—106 is identical to the corresponding section of the Code. As to plaintiff's contention that the "amount involved and the results obtained" is properly considered only for protection of the client within the attorney-client relationship, we find that it is merely one factor available to the court, to use in its discretion, in assessing attorney fees under the facts and circumstances of

each individual case. We agree with plaintiff, however, that under the facts of this case, the trial court apparently gave improper weight to this factor, as it considered that the proper determination of the attorney fee "was purely between Mr. Meyer and Mr. Songer."

Plaintiff asserts that had it not been for Country Mutual's unreasonable and vexatious refusal to pay, the instant litigation would have been unnecessary and the claims in question would have been processed without delay. Therefore, plaintiff argues that attorney fees should be assessed for the full amount as prayed. Country Mutual contends that considering the factors enumerated in Rule 2—106 and the nature of the litigation, the attorney fees, as determined by the trial court, are reasonable. Country Mutual further argues that plaintiff's present refusal to accept the fees as assessed is "but another divergent path taken to avoid submitting to a trial of his original lawsuit."

We note at the outset that plaintiff, prior to bringing the instant action, filed a lawsuit against Country Mutual to recover on its policy issued to plaintiff. Shortly thereafter, plaintiff brought this action against State Farm to recover on its policy and State Farm impleaded Country Mutual as a third-party defendant. Plaintiff moved to consolidate the two lawsuits, but Country Mutual opposed the motion, apparently on the ground that it had made a jury demand in the first suit and the second suit was to be a bench trial, and the motion to consolidate was accordingly denied.

As to Country Mutual's contention that this appeal is an attempt to avoid trial of the original lawsuit, we find this argument to be without any merit. Country Mutual moved for a continuance of the first lawsuit until the initial appeal in this case had been decided. We also note that partial summary judgment has been granted determining Country Mutual's liability in the first lawsuit, based on the judgment order in this case, and therefore the only question remaining is the amount of the pro rata share of plaintiff's loss to be paid by Country Mutual. Having already determined in our previous decision in this case that Country Mutual's refusal to pay was vexatious and unreasonable, we cannot agree that plaintiff is attempting to avoid trial of the first suit or is otherwise at fault in bringing this appeal.

■■ The allowance or disallowance of attorney fees under section 155 of the Insurance Code (Ill. Rev. Stat. 1979, ch. 73, par. 767) is a matter resting in the judgment and discretion of the trial judge, taking into account the totality of the circumstances. (*Deverman v. Country Mutual Insurance Co.* (1977), 56 Ill. App. 3d 122, 371 N.E.2d 1147.) The amount assessed as a reasonable fee is also discretionary; however, a reviewing court may apply its own judgment in considering the question of the propriety of

attorney fees. *Presbyterian Distribution Service v. Chicago National Bank* (1960), 28 Ill. App. 2d 147, 171 N.E.2d 86.

The uncontroverted evidence is that plaintiff's attorney, John R. Meyer, worked 194 hours over a seven-year period concerning matters related to the instant case. Meyer's unusually precise billing records reveal in great detail the hours worked on specific dates and his testimony established the usual and customary fees for the years in question. Meyer further testified that the total fee for the work was $9,563.75. Wham and Todd, the two attorneys who testified at the hearing, supported Meyer's testimony as to the usual and customary fees and were both of the opinion that the total fee was reasonable. Wham further stated that the fee charged was "less than what I would consider a reasonable fee."

■■■ While we recognize that courts are not bound by the opinions of lawyers as to what constitutes reasonable attorney fees (*Goldstein v. Handley* (1945), 390 Ill. 118, 60 N.E.2d 851), in our judgment the hours worked and the fees charged for the years in question are reasonable considering the totality of the circumstances. We agree with plaintiff that had it not been for Country Mutual's refusal to pay that this matter could have been settled without resort to the extended litigation that has resulted. It is apparent that State Farm realized its obligation and agreed to pay its pro rata share of the loss. It would, therefore, be improper to base the award of attorney fees on the percentage of loss paid or to be paid under the respective policies as nothing State Farm did caused or contributed to this protracted litigation. In our previous decision, we found Country Mutual's defense to be unfounded and its refusal to be vexatious and unreasonable as to warrant the imposition of attorney fees. We further note that, following this appeal, plaintiff will have to engage in another trial to determine the amount owed to him by Country Mutual. In light of the foregoing, we find the trial court's determination that $3,500 is a reasonable fee to be against the manifest weight of the evidence and therefore assess attorney fees for the full amount as prayed.

Plaintiff's attorney has filed a petition in this court for allowance of additional attorney fees for prosecuting this appeal. In his petition he states that 41 hours were expended in the preparation of the matters necessary to effect the appeal and in the preparation of his brief. He estimates that an additional 8 hours would be expended in preparation for and in oral argument. For the reasons already stated, we believe counsel is entitled to recover a reasonable attorney fee for the prosecution of this appeal. We believe this amount should be determined after hearing by the trial court applying the factors of Supreme Court Rule 2—106.

The judgment of the Circuit Court of Clay County is reversed and the cause is remanded to that court with directions to enter judgment for

plaintiff in the amount of $9,563.75 and such additional amount as the court shall determine to be a reasonable attorney fee incurred in the prosecution of this appeal.

Reversed and remanded with directions.

JONES and WELCH, JJ., concur.