653 P.2d 928 (1982)
In the Matter of the ESTATE OF Lola B. BROWN, Deceased.
Shirley Kay WESTON, Appellant,
v.
Jack N. SHEARS, Executor, Appellee.
No. 54544.
Supreme Court of Oklahoma.
October 26, 1982.
Rehearing Denied November 29, 1982.
Wright & Keltch by Peter M. Keltch, Cherokee, for appellant.
Shears & Shears by Jack N. Shears, Ponca City, for appellee.
*929 HODGES, Justice.
The dispositive issue on appeal is, in the absence of a specific statute which permits an attorney to serve as the attorney and the executor of an estate, may dual compensation be received for the performance of each role?
The appellant, Shirley Kay Weston, is the beneficiary and devisee of one-half of the estate of her mother under the Last Will and Testament of Lola B. Brown, deceased. The appellee, Jack N. Shears, prepared and was named executor of the decedent's Will.[1] The executor entered into the office of executor; gave notice to creditors; had the property inventoried and appraised; and conducted sales of the estate's real and personal property. The daughter had no objection to any of the actions of the executor until the final account which included an executor's fee of $1,625.00, and an attorney's fee of $3,621.00. The court approved the payment of the fees to the executor/lawyer in the combined amount of $5,246.00.
It is contended by the daughter that the executor was overpaid because of a discrepancy in calculation of the size of the estate in the final account and that shown on the Oklahoma estate tax return. The daughter also alleges that: executor's commissions are established by 58 O.S. 1971 § 527;[2] total compensation to an executor cannot exceed the statutory maximum regardless of what services are rendered to the estate; and the executor may not receive separate compensation for legal services performed. The executor counters with the assertion that there is not a statutory prohibition against an executor/lawyer being paid for dual service and that § 527 authorizes compensation for extraordinary services. The executor contends this includes provision of legal counsel.

I
The appraised value of the estate on the Inventory and Appraisement filed by the executor was $46,600.00. The daughter asserts that the bulk of the property in the estate was sold, and the executor listed the total items of receipt in his Final Account as $48,249.94. The executor also listed an item as part of his Final Account and Petition for Determination of Heirs, as real estate yet on hand, which was royalty interest valued at a total of $1,280.00, for a total value claimed in the Final Account of $49,529.94. In the ex parte application for attorney's fees and executor's fees, the executor listed the total value of the estate at $61,608.21, the amount shown on the Oklahoma estate tax return. The daughter contends that the difference is accounted for by items which were required to be reported on an estate tax return, but which were not assets of the probate estate, i.e., joint tenancy bank accounts or life insurance policies paid to an individual.
The executor has the right to a commission on the whole estate accounted for by him, excluding all property not ranked as assets.[3] The Estate Tax Code of *930 this state, 68 O.S.Supp. 1976 § 807(A)(1), (4), (5), (6)(a), (b) includes joint tenancy bank accounts and life insurance policies, with some exceptions.[4] Parties claiming an interest in joint tenancy accounts must support the claim with adequate proof. The record fails to disclose any proof of the daughter's claim, and she has cited no authorities in support of her position. Assignments of error which are not supported in the brief with citations of authority will be deemed to be waived,[5] and need not be considered on appeal.[6]

II
Generally, in the absence of an enabling statute, an executor or administrator is not entitled to extra compensation for legal services rendered by him, or his firm, to the estate.[7] The reason for the rule is that a person vested with fiduciary duties should not turn a profit by employing himself, because self-employment inhibits the performance of one part of the trust  assuring that no improper charges are made.[8] This prohibition is founded on the public policy that one who has an obligation to perform should not place himself in a position which conflicts with his personal interests.
Several jurisdictions have statutes which specifically permit dual compensation. Other states have statutes similar to 58 O.S. 1971 § 527 which provide for an allowance to the administrator/executor in addition to the statutory commission for performance of extraordinary services. Although Oklahoma has not interpreted this provision under this set of circumstances, many state courts have, and there is a split in authority. The rule seems to be that if an administrator or executor performs legal services which are necessary and beneficial to the estate, the court may make an additional allowance as reasonable compensation for the services.[9] The trend is toward allowing compensation to the executor/lawyer for performance of legal services.[10]
After consideration of the authorities, and in recognition of Legal Ethics Op. *931 No. 298, 52 OBJ 406 (February 28, 1981), which permits the representation with certain caveats, we find that a legal fee in addition to the executor's commission may be awarded within carefully circumscribed bounds.[11]
Safeguards were promulgated in Weaver v. Laub, 574 P.2d 609, 613 (Okl. 1978) to minimize the dangers inherent in an attorney representing himself, and to protect the general public against possible abuses. These guidelines are readily adaptable to cases involving dual compensation and we hereby hold that the burden is on an attorney serving as an executor/administrator to prove by clear and convincing evidence that:
1) All actions performed in his/her legal capacity were performed in good faith.
2) The work for which a fee is sought was necessary, reasonable, and beneficial to the estate. [In proving these criteria, the attorney must present a written itemization of all services performed which must include an indication of the time spent to perform each service and an explanation concerning why each itemized service was necessary. The itemization presented for the court's scrutiny must be specific and attested to under oath.]
3) The fee does not equal more than the statutory commission granted an executor pursuant to 58 O.S. 1981 § 527.[12]
4) The attorney has performed his legal services in compliance with the Code of Professional Responsibility, Ethical Considerations and Disciplinary Rules of the Oklahoma Bar Association, particularly those standards which provide that the attorney must: avoid even the appearance of professional impropriety; exercise independent professional judgment on behalf of the client; withdraw from legal representation of the estate if a conflict arises; and set fees which are reasonable.[13]
The cause is remanded to the trial court to determine if appellee has performed extraordinary services within the purview of § 527, and to set any attorney fees, in accordance with the promulgated guiding principles.
REVERSED AND REMANDED.
BARNES, V.C.J., and LAVENDER, DOOLIN, OPALA and WILSON, JJ., concur.
SIMMS and HARGRAVE, JJ., dissent.
NOTES
[1] The Will provided in pertinent part:

"In the event of my death, I hereby appoint Jack N. Shears as Executor of this Will. I further direct that my Executor be permitted to serve without bond, and further direct that my Executor be permitted to sell or convert any asset of my estate which he deems proper, to the same extent which I could do if living, for the purpose of carrying out the terms of this Will."
[2] Unless compensation for an executor is provided by will, it is governed by 58 O.S. 1971 § 527:

"When no compensation is provided by the will, or the executor renounces all claim thereto, he must be allowed commissions upon the amount of the whole estate accounted for by him, excluding all property not ranked as assets, as follows: For the first thousand dollars, at the rate of five per cent; for all above that sum, and not exceeding five thousand dollars, at the rate of four per cent; for all above that sum, at the rate of two and one-half per cent; and the same commission must be allowed administrators. In all cases such further allowance may be made, as the county judge may deem just and reasonable, for any extraordinary service. The total amount of such allowance must not exceed the amount of commissions allowed by this section."
[3] In Re Dixon's Estate, 186 Okl. 308, 97 P.2d 559, 561 (1940).
[4] See 68 O.S. 1981 § 807(A)(6)(b), (d)(1), (2), (3).
[5] Peters v. Golden Oil Co., 600 P.2d 330, 331 (Okl. 1979).
[6] Mid-Continent Cas. Co. v. Jenkins, 431 P.2d 349, 352 (Okl. 1967).
[7] See Annot., "Right Of Administrator To Extra Compensation For Legal Services Rendered By Him," 65 A.L.R.2d 809 (1959) for cited cases.
[8] In Re Parker's Estate, 200 Cal. 132, 251 P. 907, 909-910, 49 A.L.R. 1025 (1926). Two English decisions are also in point: In Stanes v. Parker, 9 Beav. 385, 50 Eng. Reprint 392, 393 (1946) the court held: "The safety of the public has been justly thought to require the rule now clearly established, that, although a trustee, being a solicitor, may appoint another solicitor to execute the professional business relating to the trust, yet if he does it himself, he shall not be allowed to charge for his professional services."

The Lord Chancellor in Broughton v. Broughton, 5 De G.M. & G 160, 43 Eng. Reprint 831, 833 (1855) said, "The rule applicable to the subject has been treated at the bar as if it were sufficiently enunciated by saying that a trustee shall not be able to make a profit of his trust, but that is not stating it so widely as it ought to be stated. The rule really is that no one who has a duty to perform shall place himself in a situation to have his interests conflicting with that duty; and a case for the application of the rule is that of a trustee himself doing acts which he might employ others to perform, and taking payment in some way for doing them. As the trustee might make the payment to others; this court says he shall not make it to himself; and it says the same in the case of agents, where they may employ others under them. The good sense of the rule is obvious, because it is one of the duties of a trustee to take care that no improper charges are made by persons employed for the estate. It has been often argued that a sufficient check is afforded by the power of taxing the charges, but the answer to this is that that check is not enough, and the creator of the trust has a right to have that, and also the check of the trustee. The result therefore is that no person in whom fiduciary duties are vested shall make a profit of them by employing himself, because in doing this he cannot perform one part of his trust; namely, that of seeing that no improper charges are made. The general rule applies to a solicitor acting as a trustee."
[9] Matter of Estate of Hachett, 51 Ill. App.3d 474, 9 Ill.Dec. 592, 366 N.E.2d 1103, 1104 (1977); In Re Anderson's Estate, 174 Neb. 398, 118 N.W.2d 339, 345 (1962).
[10] See note 4, supra, for annotated cases.
[11] See Lapinksky's Estate v. Sparacino, 148 W. Va. 38, 132 S.E.2d 765, 769 (1963).
[12] In Re Dixon's Estate, note 3, supra.
[13] This concept is acutely recognized by Canon 9 of the Code of Professional Responsibility, 5 O.S. 1971, Ch. 1, App. 3, Definitions, which requires a lawyer to avoid even the appearance of professional impropriety; and the Canon 5 mandate that independent professional judgment be exercised on behalf of a client. Differing interests as used in the Disciplinary Rules of the Code of Professional Responsibility include every interest which will adversely affect either the judgment or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, diverse or other interest. The American Bar Association has adopted Canons, Ethical Considerations and Disciplinary Rules, see Morgan & Rotunda, 1980 Code of Professional Responsibility And Other Selected National Standards Supplement, Canon 5, EC 5-6 P. 29 (The Foundation Press, Inc. 1980).

See also OBA Opinion No. 274, 44 OBJ 2157 (1973).