Joseph LAZZARA, Plaintiff,

v.

HOWARD A. ESSER, INC., Defendant.

No. 83 C 185.

United States District Court,
N.D. Illinois, E.D.

July 17, 1985.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

The plaintiff in this diversity action, Joseph Lazzara ("Lazzara"), sued Howard A. Esser, Inc. ("Esser"), an insurance broker, for breach of contract and negligence based on Esser's failure to procure and maintain an agreed upon level of automobile insurance coverage for Lazzara. On April 1, 1985 this Court entered summary judgment in the amount of $150,000 in favor of Lazzara and against Esser, 604 F.Supp. 1205. Presently pending before this Court is Lazzara's motion to amend the judgment to include both interest and attorneys' fees. This Court has decided to grant the motion with regard to interest, but to base the award on Illinois, rather than Florida law, and to deny the motion for attorneys' fees.

### Facts

Lazzara handled his insurance needs through Esser for many years. In 1973 or 1974, Esser recommended that Lazzara increase his automobile liability insurance coverage to $1 million. Lazzara agreed and instructed Esser to procure such coverage for him. Esser, acting in its corporate capacity as an insurance broker, contracted to obtain $1 million in automobile insurance for Lazzara. To fulfill this contract, Esser procured a primary liability policy for Lazzara with Reliance Insurance Company ("Reliance") and an excess liability policy with Aetna Casualty Company ("Aetna"). These policies were periodically renewed by Esser. These same insurance policies were in force when Lazzara's insured automobile

was involved in an accident, and a $510,000 judgment was entered against him by a state court in Florida.

The basis for Lazzara's suit against Esser was that, at the time of the accident, a $150,000 gap existed in the coverage provided by the two policies which Esser had procured for Lazzara. The primary liability policy that Esser obtained from Reliance covered only the first $100,000 of Lazzara's liability under the judgment; the excess liability policy that Esser obtained from Reliance covered only liability in excess of $250,000. Thus, in arranging Lazzara's insurance coverage, Esser left a $150,000 gap, causing a judgment to be entered against Lazzara in that amount by a Florida state court.

Lazzara, an Alabama citizen, sued Esser, an Illinois corporation, invoking the diversity jurisdiction of this Court. On April 1, 1985 this Court granted summary judgment in favor of Lazzara and against Esser in the amount of $150,000. *Joseph Lazzara v. Howard A. Esser, Inc.*, 604 F.Supp. 1205 (N.D.Ill.1985). Presently pending before this Court is Lazzara's motion to amend the judgment to include both interest and attorneys' fees. The Court will consider each separately.

### Interest

Lazzara contends that by reason of Esser's failure to properly procure his insurance, Esser is liable to Lazzara for statutory "interest on a judgment" based on Fla.Stat.Ann. § 55.03 (West 1985) from May 5, 1982, the date the Florida court entered judgment against him, through April 1, 1985, the date this Court entered summary judgment in his favor. This Court finds, however, that applying Illinois conflict of laws principles, the Illinois prejudgment interest statute, Ill.Rev.Stat. ch. 17, § 6402 (1983), governs the issue of interest on the judgment.[1]

1. Indeed, it is difficult to understand why Florida's "interest on a judgment" statute should even apply here for the period from May 5, 1982 to April 1, 1985 because Lazzara did not obtain his judgment in this Court until April 1, 1985. Florida does not have both a prejudgment inter-

est statute and a post-judgment interest statute comparable to those of Illinois. Accordingly, this Court will analyze the conflicts issues as if the Florida "interest on a judgment statute" were applicable.

In a diversity action, a federal court must apply the choice of laws principles of the state in which it sits. *Klaxon v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *McIntosh v. Magna Systems, Inc.*, 539 F.Supp. 1185 (N.D.Ill.1982). Because prejudgment interest is an item of substantive damages, it may be awarded only when available under state law and at the rate set by state law. *Turner v. Japan Lines Ltd.*, 702 F.2d 752 (9th Cir.1983); *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 644 F.2d 594 (7th Cir.1981). In *Mitchell v. United Asbestos Corp.*, 100 Ill.App.3d 485, 55 Ill.Dec. 375, 426 N.E.2d 350 (5th Dist.1981), the Illinois Supreme Court determined that the best way to approach a conflicts of laws problem is to weigh the interests and public policies of each contact state as they relate to each transaction in issue, and not to mechanically apply one test to govern all situations. As such, Illinois has adopted the "most significant contacts" test of the Restatement Second of Conflicts of Law (1969) as the choice of law theory applicable to diversity actions sounding both in contract and tort. *McIntosh*, 539 F.Supp. at 1188. The "most significant contacts test" incorporates the presumption that local law should govern an issue unless another state has a more significant relationship. *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1970). In both a contract and a negligence action, the conflict of laws inquiry is fundamentally the same. The court looks to either the place of injury or of contracting; to the place where the conduct causing the injury occurred or the place of negotiation of the contract; to the place of performance; to the situs of the subject matter of the contract; to the place of domicile, incorporation, and business of the parties; and to the center of gravity of the relationship between the parties. Restatement (Second) of Conflict of Laws § 188, 145 (1969); *Boise Cascade Home & Land v. Utilities, Inc.*, 127 Ill.App.3d 4, 82 Ill.Dec. 180, 468 N.E.2d 442 (1st Dist.1984).

Both Lazzara and Esser agree that the substantive law of Illinois governs the issue of Esser's liability to Lazzara. A separate inquiry must be made, however, to determine which state has a greater interest in having its law apply to the precise issue of the rate of interest to be applied to a judgment. This separate inquiry into the rate of interest is derived from the theory of "depecage" recently adopted by the Seventh Circuit. *International Administrators Inc. v. Life Insurance Co. of North America*, 753 F.2d 1373, 1376 n. 4 (7th Cir.1985); *In re Air Crash*, 644 F.2d at 611 n. 13; Reese, *Depecage*, 73 Columbia L.Rev. 58 (1973). Under the theory of depecage, this Court considers issues on which there is disagreement among the contact states over which rule of law is applicable to each issue. *International Administrators, Inc.*, 753 F.2d 1373, 1376 n. 4. Because there is disagreement on the rate of interest applicable to the instant situation, the inquiry begins here.

■ The Florida "interest on a judgment" statute provides for interest on judgments at the rate of 12% per annum on judgments rendered in a Florida court. Fla.Stat.Ann. § 55.03 (West 1985). The Illinois prejudgment statute provides for interest to be calculated at the rate of 5% per annum. Ill.Rev.Stat. ch. 17, § 6402 (1983). Under the Illinois "most significant contacts" test, this Court finds that Illinois has a greater interest than Florida does in applying its interest rate to a judgment rendered in a federal court sitting in Illinois.

The insurance agreement entered into between Lazzara and Esser was executed in Illinois, and, although the place of negotiation is unclear, it appears that the contract was negotiated at least partially in Illinois. Illinois is also the center of gravity of the parties' relationship, because Lazzara obtained his insurance through Esser, who was in Illinois. Moreover, Esser is an Illinois corporation, and, although Florida was the place of the accident, the conduct giving rise to the injury here—Esser's failure to procure complete insurance coverage—occurred in Illinois. Additionally, enforcement of the insurance contract was sought

in a district court sitting in Illinois, and damages were awarded under Illinois law.

Although Florida would have an interest in applying its interest statute to a judgment rendered in a district court sitting in Florida where the judgment was based on Florida law, this Court finds no similar interest applicable to a district court sitting in Illinois following Illinois law. Hence, the Illinois prejudgment interest statute is controlling.

The Illinois statute reads in pertinent part:

> Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promisory note, or other instrument in writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance on the money received to the use of another and retained without the owners knowledge; and on money withheld by an unreasonable or vexatious delay of payment.

Ill.Rev.Stat. ch. 17, § 6402 (1983). Because this Court has determined that Illinois has a greater interest in having its interest statute apply, Lazzara is awarded prejudgment interest at the statutory rate of 5% per annum from May 5, 1982, the date that the Florida judgment entered against Lazzara, through April 1, 1985, the date this Court entered summary judgment on behalf of Lazzara.

■ As to the issue of postjudgment interest, there is no dispute that the Illinois postjudgment interest statute applies. *Merit Insurance v. Leatherby Insurance,* 728 F.2d 943 (7th Cir.1984). The Illinois postjudgment interest statute provides that: [2]

Judgments recovered before any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 Article VII of the Constitution, a school district, a community college district, or any other governmental entity. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment.

Ill.Rev.Stat. ch. 110, § 2–1303 (1983). Consequently, Lazzara is granted statutory postjudgment interest at the rate of 9% as set by Ill.Rev.Stat. ch. 110, § 2–1303.

*Attorneys' Fees*

Lazzara maintains that Esser is liable for the attorneys' fees he incurred in maintaining an action to compel payment by Esser on an insurance policy which Esser failed to procure. The statute applicable to insurance cases in Illinois is:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees....

Ill.Rev.Stat. ch. 73, § 767 (1983).

■ The only issue to be determined, therefore, is whether Esser's delay in settling Lazzara's claim amounted to an unreasonable or vexatious delay. Vexatious delay is defined as delay without reasonable or probable cause or excuse. *Songer v. State Farm Fire and Casualty Co.,* 106

---

**2.** There are two Illinois statutes governing postjudgment interest. They are Ill.Rev.Stat. ch. 110, § 2–1303, and Ill.Rev.Stat. ch. 110, § 12–109. Ill.Rev.Stat. ch. 110, § 2–1303 awards interest at the rate of 9% per annum. Ill.Rev.Stat. ch. 110, § 12–109 awards interest at the rate of 8% per annum. Although the statutes are in dispute as to the amount of interest to be awarded, the Seventh Circuit has previously determined that a defendant insurer, the wrongdoer, should not be given benefit from his wrongful act, and thus § 2–1303 should control over § 12–109. *Merit Insurance Co.,* 728 F.2d at 945.

Ill.App.3d 141, 62 Ill.Dec. 150, 435 N.E.2d 948 (5th Dist.1982). Neither time alone, nor any other single factor, is controlling in determining whether an insurer is guilty of vexatious delay in refusing to settle a claim. *Fassola v. Montgomery Ward Insurance Co.*, 104 Ill.App.3d 825, 60 Ill.Dec. 581, 433 N.E.2d 378 (3rd Dist.1982). Rather the totality of circumstances, taken in broad focus, will determine the matter. *Id.* Additionally, when there is a legitimate issue to be determined, a finding of unreasonable or vexatious delay cannot be made. In the instant case, this Court has determined that a genuine legal issue was presented regarding whether Esser was a broker or an agent within the meaning of the Illinois insurance code, and hence, whether he was liable at all for failure to properly procure Lazzara's insurance. Consequently, it was not unreasonable or vexatious for Esser to refuse settlement.

Illinois courts have previously determined that attorneys' fees may be awarded in cases where an insurance broker has failed to properly procure requested insurance coverage. *Omni Overseas Freighting Co., Inc. v. Cardell Insurance Agency*, 78 Ill.App.2d 639, 33 Ill.Dec. 779, 397 N.E.2d 112 (1st Dist.1979). In *Omni*, the Illinois Appellate Court determined that Cardell Insurance Agency was liable to Omni Overseas because of its failure to properly procure liability insurance which covered property damage by Omni's employees. The court also determined that to recover attorneys' fees because of a broker's failure to properly procure insurance, it is necessary to show "(1) that an obligation was incurred as a result of the defendant's wrongdoing; and (2) that the amount of the obligation is reasonable." *Omni*, at 644, 33 Ill.Dec. 779, 397 N.E.2d 112. In *Omni*, however, the plaintiffs were able to recover attorneys' fees because the defendants' refusal to settle was vexatious. But to the extent that the plaintiffs were unable to prove that the fees requested were reasonable, attorneys' fees were denied. In the present case, to award attorneys' fees where the delay in settlement was neither unreasonable nor vexa-

tious would be to derogate the Illinois statute. Consequently, Lazzara is not entitled to attorneys' fees. *

*Conclusion*

This Court awards Lazzara interest based on the Illinois prejudgment statute Ill.Rev.Stat. ch. 17, § 6402, from May 5, 1982 through April 1, 1985 and based on the Illinois postjudgment statutes, Ill.Rev. Stat. ch. 110, § 2–1303, from April 1, 1985 to the date the judgment is satisfied. This Court has also determined that Esser's refusal to pay Lazzara did not amount to an unreasonable or vexatious delay, and thus Esser is not liable for Lazzara's attorneys' fees.