SAMUEL HALL *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. SVEA MUTUAL INSURANCE COMPANY, Defendant-Appellee and Cross-Appellant.

Third District   No. 3—85—0322

Opinion filed May 6, 1986.—Modified on denial of rehearing June 18, 1986.

Stuart Lefstein and Samuel S. McHard, both of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island, for appellants.

Dorothea O'Dean and Glenn F. Ruud, both of Ruud & Scovil, of Rock Island, for appellees.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This action was commenced in the circuit court of Mercer County by Samuel and Mary Hall. They sought to enforce the provisions of two policies of insurance issued by the defendant, Svea Mutual Insurance Company. Following a bench trial, the circuit court granted some, but not all, of the relief requested by the Halls. They pursued the instant appeal, and Svea cross-appealed.

The Halls owned and resided on a small acreage in Mercer County. Samuel Hall engaged in woodworking for a hobby. As a result, he collected hardwood lumber which he stored in a barn on the premises along with tools and machinery. The Halls insured the improvements on their acreage against loss from fire with the defendant. Svea had issued the Halls a homeowners policy which insured unlisted personal property and a farmowners policy which covered certain personal property as well.

In 1981, the barn on the Halls' premises burned, destroying a portion of the inventory of hardwood lumber, the tools and equipment. The Halls filed a claim for damage with Svea which was not promptly settled. Later, the instant suit was brought under section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 767), which permits actions against insurance companies that refuse to settle insurance claims in an unreasonable and vexatious manner. The statute specifically allows successful plaintiffs an award of attorney fees, costs and a punitive sum.

When this matter was tried in the circuit court of Mercer County, the trial court found that the defendant, Svea Mutual, had been unreasonable and vexatious. Accordingly, it awarded the Halls $35,214.13 for their damaged property, prejudgment interest at the

rate of 5% per annum pursuant to statute (Ill. Rev. Stat. 1983, ch. 17, par. 6402), and a sum of $8,000 for attorney fees. The court did not award any punitive amount, nor did it award the total amount of attorney fees requested by the Halls. Finally, the Mercer County court, in determining the "actual cash value" of certain items lost in the fire, calculated a depreciated value rather than a replacement-cost value.

On appeal, the Halls urge that the award of only partial attorney fees was incorrect and the failure to award a punitive sum was also in error. The Halls further contend that the lower court erred in calculating the "actual cash value" of the tools and machinery. On cross-appeal, Svea Mutual argues that any award of attorney fees was unwarranted and should be reversed.

■ At issue between the insurer and the insured, a dispute which in part explains the failure of Svea Mutual to make prompt payment, was whether the hardwood lumber which was destroyed was covered under the personal property coverage of the homeowners policy or under the farmowners policy. Indeed, the circuit court concluded that this dispute was "the gravamen of the entire litigation." The two policies of insurance contained different provisions concerning co-insurance and different loss limits. Hence the issue of which policy covered the loss controlled the amount of recovery. The lower court found that because the insurer's agent had represented to the policyholder prior to the fire that the hardwood was covered under the homeowners policy, and because the insurer was aware of that representation, its contention in the dispute was unreasonable. It follows that a failure to settle the claim in reliance on such an unreasonable position was likewise unreasonable. We find clear and convincing evidence to support the finding of unreasonableness by the circuit court. In fact, the evidence overwhelmingly supports that finding.

The Halls assert that since the basis for Svea Mutual's denial of coverage was unreasonable, if not outright bad faith, and since that denial was the "gravamen of the entire litigation," it was error for the trial court to deny them the full amount of their attorney fees. We agree. The purposes of section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 767) are ill served if insurers are permitted to persist in bad-faith denials of coverage to the detriment of the insured. The purpose of this paragraph is to aid the insured. (*Kelly v. Stratton* (N.D. Ill. 1982), 552 F. Supp. 641.) The remedy provided is designed to secure to the insured the full benefit of the bargain from the insurance contract. In this case, that benefit is protection from loss by fire or other perils. If the amount of that benefit is reduced by

the cost of litigation, it is incumbent on the court to invoke the protections of the statute in order to make the insured whole.

▎ The insurer asserts that its dispute with the Halls was not unreasonable but in good faith. Specifically, it points to a collateral issue which was adjudicated in the proceeding below. That issue dealt with the valuation of miscellaneous items of personal property which were insured under the personal property coverage of the farmowners policy. The Halls contended that these items should be valued at replacement value, and Svea sought to value the items at replacement value less depreciation. The circuit court found that the insurer's method of valuation was correct and consistent with the regulations of the Department of Insurance. (Department of Insurance Regulations, Rule 9.19, sec. 6(B)(15).) This incidental issue, however, does not alter the fact that the "gravamen of the entire litigation" centered on the question of which policy of insurance covered the loss of the hardwood lumber. Testimony and affidavits contained in the record establish that the question of valuation arose only because Svea refused to fulfill its contractual obligations—to insure the hardwood lumber under the homeowners policy—as those obligations had been described by its agent with the knowledge of the company. Where, as here, viewing the totality of the circumstances surrounding a dispute between an insurer and its insured, the whole matter could have been settled but for the insurer's unreasonable conduct, it is appropriate to award the total amount of the insured's attorney fees. *Songer v. State Farm Fire & Casualty Co.* (1982), 106 Ill. App. 3d 141, 435 N.E.2d 948.

▎ The circuit court found the entire amount of attorney fees incurred by the Halls, $15,337.87, to be reasonable. However, it determined $8,000 of those fees to be a "fair apportionment in light of the bad-faith issues" involved in the litigation. Since prior decisions of the appellate court have determined that under these circumstances an award of the total amount of attorney fees should have been ordered (*Songer v. State Farm Fire & Casualty Co.* (1982), 106 Ill. App. 3d 141, 435 N.E.2d 948), the judgment of the circuit court must be reversed. In addition, on remand, the circuit court should fix a reasonable amount for attorney fees incurred by the Halls in the prosecution of this appeal.

▎ The judgment rendered below did not award the Halls a punitive sum as allowed by the statute (Ill. Rev. Stat. 1983, ch. 73, par. 767). Although this award is discretionary, in exercising its discretion, the court should be guided by the purposes sought to be served by the statute. One purpose of the statute is to aid the insured. (*Kelly v.*

*Stratton* (N.D. Ill. 1982), 552 F. Supp. 641.) Clearly another purpose is to discourage insurers from profiting by their superior financial positions while delaying in the payment of contractual obligations. As reported above, the evidence overwhelmingly proves that the Halls and Svea Mutual both intended that the hardwood lumber would be insured as personal property under the homeowners policy. Yet, Svea persisted in refusing coverage under that policy. Nevertheless, under these facts, we believe the award of the full amount of the insured's attorney fees adequately serves the purposes of the statute. Accordingly, we find no abuse in the exercise of the circuit court's discretion.

The circuit court imposed a $100 sanction against the Halls for delay in responding to discovery. It appears from the record that there was indeed a delay which was not adequately explained. Imposing sanctions against a party for noncompliance with discovery is within the discretion of the trial judge (*Beasley v. Huffman Manufacturing Co.* (1981), 97 Ill. App. 3d 1, 422 N.E.2d 241), and we find no abuse of that discretion here.

Finally, several motions filed in this court were taken under advisement for disposition with the case on the merits. The plaintiffs' motion to file a reply brief after the deadline established in the docketing order is granted, in that exigent circumstances prevented a timely filing. Also, the plaintiffs' motion to file additional authorities, published in advance sheets after their brief was filed, is likewise granted. Finally, the plaintiffs' motion to supplement the record on appeal with a discovery deposition not admitted in evidence in the trial in the circuit court, nor properly included in the record as an offer of proof, is denied.

The judgment of the circuit court of Mercer County is affirmed insofar as it awarded damages and prejudgment interest in the amount of $35,214.13, imposed the $100 fine for the discovery violation, and denied the award of punitive damages. The judgment of the circuit court with respect to attorney fees is vacated, and the cause is remanded to the circuit court for the entry of an award for attorney fees for $15,337.87 and such further sum as is appropriate for the prosecution of this appeal.

Affirmed in part and vacated in part; cause remanded, with directions.

STOUDER and WOMBACHER, JJ., concur.